EASTERN DIS. *May*, 1841.

HODGE
*vs.*
CLEARY.

## HODGE *vs.* CLEARY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF

NEW ORLEANS.

The statute of 18th March, 1828, providing the mode of selling town lots in New Orleans, for the payment of City taxes, applies to *non-residents only.* The sale of the property of a *resident* is a nullity.

This is an action to recover back two lots of ground, in the city of New Orleans, which had been seized and sold, without the knowledge of plaintiff, for city taxes due the Second Municipality for paving the side walks.

The defendant claimed title under the Marshal's sale for taxes, purporting to be made under the act of 1828.

The law invoked says, "whenever any sum of money shall be due to the corporation of the City of New Orleans, by *nonresidents* who have no agent in the city, for city taxes, &c.," the corporation after certain formalities, "may cause city lots, &c. to be seized and sold, &c."

The plaintiff showed he was and had been for a great many years, a resident of the city ; and was never absent except for about 3 months to the north in the summer of 1838, and then he left two fully authorised agents in the city.

There was judgment for the plaintiff, and the defendant appealed.

*L. Pierce,* for the defendant,

*Micou,* contra.

*Morphy, J.* delivered the opinion of the court.

The plaintiff claims, as his property, two lots of ground forming the corner of Estelle and Magazine streets, alleging that he has never parted with his title to the same, nor been legally divested of it. The answer avers that defendant has become the lawful owner of these lots by virtue of a sale made to him by the City Marshal, to satisfy a judgment of the City Court, by which they were decreed to be sold for taxes due to the Second Municipality.

The record shows that the plaintiff was the lawful owner of the property in dispute by purchase from his brother William Hodge ; that in the year 1838, a sum of $106 43 being due to the Second Municipality for the paving of the side-walks of the property, proceedings were instituted under the act of the Legislature, approved the 18th March, 1828, which resulted in the forced alienation complained of by the claimant. The only inquiry before us, then, is whether these proceedings were authorized by law, and carried on in conformity with

EASTERN DIS. this statute.   Its object was to provide for and regulate the col-
May, 1841.  lection of taxes and other sums due to the corporation  by *non-*
HODGE      *residents who have no agents in the city.*   It is against per-
*vs.*
CLEARY.    sons of this description alone that the  particular mode of pur-
suit, sanctioned by this act, can take place;  and we have here-
tofore required a most rigid compliance with  its  provisions.
It is in proof that plaintiff is an old resident of this city and
was well known to the authorities of the Second Municipality
as the owner of the property in question ;  that he  had  paid
taxes on it from the time he had acquired it.    That in the sum-
mer of 1838 he left the state and was absent about three months
on a trip to the north, but that during that time he had in the
city two well known agents whom he had appointed by au-
thentic act, and that on his return he paid his last city tax on
this very property but a few weeks before it was sold from
under him as belonging to some unknown non-resident person.
From these facts, and the express terms of the act, it is clear
that these proceedings were altogether unauthorized by law ;
they can be considered but as the result of error and  gross
inattention on the part of the officers of the Municipality, and
could not have the effect of divesting plaintiff of his property.
Under this view of the subject, it is unnecessary to consider
if there has been any omission of the formalities required to
have effected a valid alienation of the lots in dispute ;  Acts of
1828, p. 102;  4 La. Rep. 148;  13 Idem 208.

The  judgment  of  the  Parish  Court is therefore affirmed
with costs.