PHŒBE CARMICHAEL and others; Heirs, *v.* JAMES ARMOR.

Where the appellee has joined issue on the merits, it will amount to a waiver of any objection on account of want of citation or the insufficiency of the appeal bond; and where such objections have been thus waived by parties cited in warranty, their warrantee cannot set them up.

APPEAL by the plaintiffs, as heirs of John F. Carmichael, from a judgment of the District Court of the First District, *Watts*, J.

GARLAND, J. The plaintiffs claim two lots of ground, having each sixty feet front on Magazine street, by a depth of one hundred and twenty feet, french measure, being Nos. three and four in square No. fifty eight, in the suburb La Course, said square being bounded on two sides by Magazine and Robin streets, to which they say they have a good and sufficient title, but that the defendant has taken possession of them without right, and refuses to deliver the possession, claiming the lots as his property. The defendant admits that he is in possession of the lots described in the petition, situated in the suburb La Course, and says he is the owner of them by virtue of two notarial sales made to him by John McDonough, who undertook to warrant him in his title to the same, and he calls upon him to defend it. McDonough appeared, and for answer, denied the right and title of the petitioners to the lots claimed in the petition, but further avers, if their ancestor ever had any right to them, that he was divested of it, and the same was transferred to him, McDonough, by virtue of two sales thereof made by the marshal of the city of New Orleans, on the 10th of December, 1828, in pursuance of two writs of *fieri facias* issued by Gallien Preval, associate judge of the city court of New Or-

leans, in the suit of *The Mayor, Aldermen, and Inhabitants of New Orleans* against *Vacant lot No.* 3, and *The same* against *Vacant lot No.* 4, at which sales he, McDonough, became the purchaser, for the prices set forth in the acts of sales, which sums he says were applied to the payment of John F. Carmichael's debts.  This answer further alleges that the mayor, aldermen, and inhabitants of New Orleans are bound to warrant the title of said lots to the respondent; and he calls them in warranty, and prays for judgment against them in case of eviction.

The last named warrantors appeared and denied the right of Carmichael to the lots described in the petition.  They further say that, if he ever had any right to these lots, he has been divested of it, by virtue of the judgments and sales mentioned in McDonough's answer, to whom they admit they were sold as stated. They say Carmichael was a non-resident; that he had no agent who was known in the city of New Oleans; that the sum of nine dollars and thirty cents was owing them for taxes for the year 1828, on the lots Nos. 3 and 4, which not being paid, they proceeded to have them sold, whereby costs were incurred to the amount of twenty two dollars, which sum they say the plaintiffs should pay them, in case the lots be decreed to be their property.

Upon the trial, it was shown that the lots described were the property of John F. Carmichael; and that the right to them was once in him, has not been contested, either in this court or in that of the first instance, but the defendants contend that he has been divested of all title by the sales set up, in their answers.  The proceedings which led to these sales were instituted under an act of the legislature, approved March 18, 1828, relating to the collection of taxes due the city ; which says, that whenever a sum of money shall be due to the corporation of the city of New Orleans, by *non-residents* for taxes, who have no agent in the city, the said corporation may, after certain proceedings, cause the lots to be seized and sold, by a proceeding *in rem,* before a judge of the city court. See Acts of 1828, p. 102.

The corporation in July, 1828, alleging that they had a claim for taxes upon the lots in controversy, which are situated in the *faubourg* La Course, commenced a suit in their name, against 'the vacant lot No. 4 of square 58, *faubourg* Annunciation, whose owner

is unknown,' and a like suit against 'the vacant lot No. 6, square No. 58, *faubourg* Annunciation,' before Gallien Preval, an associate judge of the city court, who in three days after the proceedings were commenced, gave two judgments for four dollars and sixty five cents each, and costs amounting to twenty two dollars, upon which executions issued, and the city marshal sold lots Nos. 3 and 4 to McDonough, for $440, who afterwards sold them to the defendant, Armor, by notarial sales, for $7000.

It was further shown at the trial, that for several years previous to 1829, Carmichael had an agent in the city of New Orleans, who paid the taxes on his property; and receipts for them for the years 1826, 1827, and 1828 were produced, on one of which, the name of the agent is written, as being the person to whom it was to be presented for payment.

We find in the record some testimony as to the agents of plaintiffs' ancestor since 1828, but it is immaterial to the present issue, and it is unnecessary to recapitulate it.

The charge of the judge to the jury, was confined very much to the question, whether Carmichael had an agent in the city of New Orleans or not, and upon the evidence before them, the jury found a verdict for the defendant.

On the 18th of April, 1837, the day that the verdict was given, the plaintiffs moved for a new trial; on the 22d of the same month it was argued by counsel; on the 6th of May following, the judge overruled the motion, and gave a final judgment for the defendant, which he signed immediately, from which the plaintiffs immediately appealed. At the foot of the petition of appeal we find the following agreement, signed by one of the counsel, who it appears from the record, represented the defendants on the trial. 'We agree to this appeal, and that the same be made returnable into the supreme court as soon as practicable, New Orleans, May 6th, 1837.' On the 31st of May, 1837, the record was filed, and on that day, McDonough joined issue upon the merits. On the 8th of April, 1839, Armor, in person, accepted service of a notice made by plaintiffs' counsel, to revive the suit in the name of Carmichael's heirs, and on the 19th of February, 1840, nearly three years after the appeal, he changes his counsel, and in contravention of the agreement a motion is filed asking a dismissal of the

appeal, on the ground that his co-defendants, who had appeared and answered without objection, were not cited, and that their names were not in the appeal bond, also, that the judgment in his favor was signed prematurely, and consequently the appeal was premature, although the plaintiffs against whom the judgment was rendered insist it is final.

The case has not been argued in this court by the counsel, who, according to the record, represents Armor, but by the advocate of the interests of McDonough, against whom no judgment is rendered at all ; and were it not for the apparent earnestness of the counsel, and his assurance that he had confidence in the positions he has assumed, we should not believe he was serious; but as he asserts that he is, we must briefly notice his points. According to the settled practice of this court, neither McDonough nor the corporation of New Orleans can complain of a want of citation, or insufficient bond, as they have joined issue upon the merits, and consequently waived any such objection ; and we know of no law that requires or authorises Armor to assume the defences they have waived. They come into court to defend him, and it looks a little officious on his part, to become their protectors. As to the objections, that the judgment was signed too soon, and that the appeal is premature, they appear to us without foundation, and not sustained by the decision relied on in 4 Martin, N. S., 528, which was a question altogether different from the present. It is the first time we ever heard of a party insisting that a judgment in his own favor was signed too soon, whilst his adversary is insisting the contrary, and contending that it is final. We see no sufficient grounds for dismissing the appeal. The facts of this case can scarcely be distinguished from that of *Carmichael* v. *Aikin's Heirs*, 13 La., 205, which was brought to recover a lot adjoining the two in question, and said to have been sold at the same time, under a similar proceeding. In that case, in that of *Morris* v. *Crocker*, 4 La., 147, and in the case of *Hodge* v. *Cleary*, 18 La., 514, we have given an interpretation to the law under which these lots were pretended to be sold; and though this case may in some respects differ from those, the law and equity of it is as decidedly in favor of the plaintiffs as any of them.

Under a judgment against lots Nos. 4 and 6, in square 58, in the

Carmichael and others, Heirs, *v.* Armor.

*faubourg* Annunciation, lots No. 3 and 4, in square No. 58, in that *faubourg*, are said to have been sold; and under that sale the defendant claims title to lots No. 3 and 4, in square No. 58, in the *faubourg* La Course. Independent of the manifest error in the proceedings under which the defendant claims title, it is further shown that Carmichael's taxes for the year 1828 were paid, and the receipt of the city treasurer is in the record.

The verdict of the jury is so palpably erroneous, and the proceedings under which the lots were sold so clearly illegal, that we cannot hesitate in reversing the judgment; and the case is too strongly with the plaintiffs to justify us in pursuing the ordinary practice of remanding it for a new trial, except so far as it relates to the defendant and the parties cited in warranty.

The judgment of the District Court is therefore reversed, and the verdict of the jury set aside; and this court, proceeding to give such judgment as, in their opinion ought to have been rendered in the court below, does further order, and decree that the plaintiffs, as heirs of John F. Carmichael, deceased, do have judgment against the said James Armor, for the two lots of ground described and claimed in the petition, and that they be quieted in their title and possession of the same, and recover costs in both courts: and it is further ordered, that so far as it respects the demand of the said James Armor against his warrantor, James McDonough, and of said McDonough against the Mayor, Aldermen, and Inhabitants of New Orleans, this cause be remanded to the District Court, to be proceeded in according to law.

*L. C. Duncan*, for the plaintiffs.

*Hoffman*, for McDonough.