## No. 7793.

### MARGUERITE VILLEY VS. LOUIS JARREAU ET AL.

In a suit by a mortgage creditor to have a tax sale decreed null and void, and to have the property purchased from the tax collector, seized and sold in satisfaction of the mortgage, the purchaser sought to be evicted occupies the position of defendant in a petitory action and has the right to show any and all titles under which he holds the property.

The question of the hypothecary rights of plaintiff against third persons, in such a suit, is prematurely presented and should be the object of another action.

A suit in nullity of a tax sale is only prescribed in three years from the date of the sale.

A tax sale may validly be made by a deputy of the tax collector.

The written notice to the owner or his agent, prescribed by Act No. 47 of 1873, is an essential pre-requisite of the tax-sale, and, in its default, the sale is null and void.

That informality may be taken advantage of by a mortgage creditor.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Voist*, J.

*A. L. Mahondeau* and *Oliver O. Provosty*, for Plaintiff and Appellee.

*Hewes & Parlange* and *Edward Phillips* for Defendants and Appellants.

The opinion of the Court was delivered by

LEVY, J. Plaintiff instituted this suit on September 6th, 1876, alleging that she is a mortgage creditor of Sylvanie Braud, and seeks to annul a tax sale of land of said Braud made by the tax collector of the parish of Point Coupée on the 11th of October, 1873, to John E.

Breaux. She represents that the property sold by the tax collector was mortgaged by said Braud in her favor by act of mortgage, of date 2nd April, 1859, duly recorded on that day, to secure a note of said Braud in her favor for the sum of $2480, payable on 18th April, 1863, bearing eight per cent. per annum interest from 18th April, 1859; that a suit was brought by her against Braud, and judgment therein was rendered in her favor on the 6th of April, 1867, for the said sum of $2480, with interest as set forth, subject to a credit of $80 55, with recognition of her special mortgage on said land, and ordering said judgment to be enforced on the same; that said judgment was duly recorded on the 19th of April, 1867. She avers that the adjudication of said land to Breaux, and the transfer to him by the tax collector, made on the 16th of October, 1873, are null and void for the following reasons : Because, 1st. No notice has ever been given to said Sylvanie. Braud to pay said taxes. 2nd. No notice has been served on any duly authorized agent of said Braud to pay said taxes, he being a non-resident of the parish of Point Coupée. 3rd. The plantation was sold before the expiration of the three advertisements in the official journal of the parish, as required by law. She further avers that said adjudication and transfer cannot affect her mortgage, and that she has a right to have the same annulled, set aside and cancelled, and the said plantation seized and sold to satisfy the amount of her judgment, with interest and costs. She prays that said adjudication and transfer by the tax collector be declared null, void and of no effect, so far as her mortgage is concerned; that the defendants and all persons claiming under them be perpetually enjoined from asserting any title thereunder to said land, to the detriment of the special mortgage thereon claimed as existing in her favor, and that the same be seized and sold to satisfy the payment of the sum above mentioned.

Bernard Dayries (the tax collector), John E. Breaux, the purchaser at the tax sale, and Louis Jarreau, transferree of Breaux of portion of the land, were made defendants in this original petition, and by supplemental and amended petitions, the administratrix of Jarreau and John B. Brown, transferree of Jarreau of portion of the land, were also made parties defendants. In an amended petition she also alleged a an additional ground of nullity, that the tax collector was one styling himself deputy tax collector, and that he. had no legal authority to make the seizure and sale of the land.

A peremptory exception was filed, demanding the dismissal of the suit, on the ground that if plaintiff has any mortgage it is a legal or judicial mortgage, and not a conventional or special one, and, therefore, could only be enforced by hypothecary action; that said mortgage was inscribed on the 2nd of April, 1859, and had never been reinscribed.

She also pleaded the prescription of two years. This exception and plea of prescription were overruled. It was admitted on the trial that the mortgage of 2d April, 1859, had never been reinscribed. The evidence discloses also that the judgment referred to, which was signed on the 6th of April, 1867, was revived on the 13th of April, 1877, the revival to take effect from the 3rd of April, 1877, the service of citation and of the petition of revival having been on the defendant, Braud, on this last-mentioned day; also, it appears that the judgment rendered on 6th April, 1867, was duly reinscribed on the 20th March, 1877.

The answers of defendants reiterate the defenses set up in the exception, deny the informalities and invalidities of the proceedings alleged in the petition, but aver that they were in all respects good and sufficient, and divested Braud of any rights he may have had in said land, and vested Breaux, the purchaser, with such rights; that the alleged informalities, if any existed, merely affected rights so purely personal to Braud, that he (Braud) could alone legally complain of them. Further, that the lands mentioned in the petition were the property of the United States and part of the public domain, until duly selected by the State of Louisiana under the act of Congress of May 20th, 1826; that they were duly selected and the selection approved, and remained the property of the State of Louisiana until the 12th of November, 1866, when, by patent, duly issued, the same was acquired by C. W. Allen from said State, and Allen, on the 17th November, 1866, sold the same, by duly recorded act, to N. B. Adams, who, on the 10th of August, 1877, by authentic act, duly recorded, sold them to the defendant, Breaux; that Breaux and those who have title under him now are, and since October, 1873, have been, in the full and actual possession of the lands described in the petition, and the said Sylvanie Braud abandoned the possession of any portion of them many years since. They pray for judgment rejecting plaintiff's demand and decreeing that the alleged mortgage does not have operation or effect on said lands.

Plaintiff introduced in evidence on the trial the titles of Braud to these lands, being acts of sale from Bara and Sicard, duly recorded, respectively dated in April, 1856, and April, 1857; the mortgage from Braud to Villey duly recorded on April 2nd, 1859; the record of the suit, No. 950, with certificates of the registry of the judgment therein on April 17th, 1867, and March 20th, 1877 ; judgment of revival of the judgment in No. 950 taking effect on 3rd of April, 1877; registry of the judgment of revival made on 30th April, 1877; copy of notice of seizure by tax collector on J. B. Blanchard, made 21st August, 1873, and copy of record of seizure in mortgage book, dated 11th September, 1873; sale of the land to Breaux, made October 16th, 1873, and copies of

extracts from the assessment rolls of 1869, '70, '71, '72, giving description of the property of Brand, where situated, and number of acres.

On the part of the defense there was offered the following evidence: 1st. Patent from the State of Louisiana to Allen. 2nd. Act of sale from Allen to Adams. 3rd. Act of sale from Adams to Breaux. 4th. Certificate of register of the land office of December 24th, 1860. 5th. Certificate of same of September 1st, 1877. 6th. Communication of Commissioner of U. S. General Land Office to Thos. O. Moore, Governor of Louisiana.

Plaintiff objected to the introduction of this evidence, which objection was sustained by the Court a qua, and it was excluded. This evidence was offered by defendants for the purpose of showing that Sylvanie Braud, the alleged mortgagor, never had title or right to the land described in the petition, and for the further purpose of establishing title in the defendant, Breaux. The court sustained plaintiff's objection on the ground " that such testimony would change the issues and purposes of this suit; that this was a suit merely to annul a tax title, and that it would be soon enough for defendants to assert a superior title to that of the mortgagor, when the mortgagee attempted· to seize the land upon her mortgage." To this ruling of the court defendants· took a bill of exceptions. They also took a bill of exceptions to the ruling of the court admitting testimony tending to show any of the alleged informalities in the tax sale; defendants objecting to its admission on the ground that such informalities could only be urged by Sylvanie Braud, the alleged owner of the property, this right being purely personal to him.

There was judgment in the court below in favor of plaintiff, decreeing that the adjudication and transfer by the tax collector to John E. Breaux on the 16th of October, 1873, to be null and void, in so far as the same affects or stands in the way of the execution of the mortgage of 2nd April, 1859, in favor of plaintiff, and the judgment of 6th May, 1867, and revival of same of 13th April, 1877, enforcing the same; recognizing said mortgage securing the debt of $2480, less the credit of $80 55, and ordering the seizure and sale of said land to satisfy same. From this judgment defendants have appealed. This action is one of nullity as to the tax sale, coupled with a demand for recognition of mortgage, and for the subjection of the mortgaged property to seizure and sale to satisfy the mortgage debt, this mortgaged property being held and claimed by a third possessor. This demand cannot be regarded as constituting an hypothecary action proper, because none of the allegations necessary in such action have been made, nor have the prerequisites of such action been complied with, or even alleged to have been complied with.

As to the defendants, besides the action to annul the tax sale, under which plaintiff alleges that they hold the property, their title to the land is questioned, and as a mortgage and judgment creditor, plaintiff seeks to have the title declared to be in her mortgagor in order that she may subject it to the operation of her mortgage. Defendants then clearly occupy the position of defendants in a petitory action, and are entitled to urge any and all titles under which they claim. Occupying such status, we think they have the right to introduce evidence supporting their claim to the land and should not be confined to the tax title sought to be annulled. One may hold property under several titles, and a defect in one does not vitiate the others. We think the exception of defendant to the ruling of the court *a qua*, excluding the patent and other evidence offered, was well taken and· the evidence should have been admitted. Plaintiff was not content with attacking the validity of the tax·sale and seeking to have it declared null, but by his other demand practically assailed the right of ownership of defendant and put at issue his right and title to the land. He tendered the whole issue; it was accepted, and he cannot narrow it or shrink from the contest which he has brought on, and while attacking the whole person of the defendant, confine him in his defense to the protection of one part or one member of his body.

The plea of prescription made by defendant cannot be maintained. Section 5 of Act No. 105, approved March 28th, 1874, declares that "any action to invalidate the titles to any property purchased at tax sale, under or by virtue of any law of this State, shall be prescribed by a lapse of three years, from the date of such sale." The sale took place on the 11th of October, 1873, and citation was served in this suit on the 11th September, 1876. The three years had not elapsed. The existence of the conventional mortgage, or its peremption as to third persons, by reason of failure of reinscription, under the views which control us in our disposition of this case, are questions not necessary to be passed upon now. If plaintiff should seek to enforce his hypothecary rights, they would then be proper matters for consideration if opposed. In this case we confine ourselves alone to the question of the validity of the tax sale, and setting that aside, the claims affecting the ownership of, and mortgages resting upon the property, can be litigated in other actions.

The proceedings of the tax-collector were had under the Act of · 1873, No. 47. The grounds of nullity of the sale of October 11th, 1873, urged by plaintiff, are : 1st. The sale was made by a deputy of the tax-collector, who was without authority of law to make such sale. 2d. No notice was served on the owner or his agents. 3d. No sufficient

description of the land was recorded. 4th. The sale was not advertised in the manner required by law.

As to the first ground, it is insufficient. We think the act of the deputy tax-collector in making or signing the sale was the act of the tax-collector, which was recognized and ratified by the State through her proper officer, the Auditor. 3d. The description of the land in the assessment, record and advertisement, were sufficient and definite, indicated by boundaries, location, etc. 4th. The advertisement was inserted in the newspaper, the official journal of the parish, three times, the last insertion being on the day of sale. There is no evidence that the last publication was subsequent to the sale; on the contrary, the act of sale declares, with particularity, that the publications were made on three days enumerated, as 27th September, 4th and 11th of October, the sale taking place on the last named day.

The second ground, however, is a serious one, and the defect complained of fatal. The law, by virtue of which the seizure and sale of the property could be made, required the tax-collector "to give ten days written or printed notice to the owner or agent of the property assessed to pay said tax, after which delay, if not fully paid, the said tax-collector may make a seizure of such property," etc. It is proven, as shown in the record, that Sylvanie Braud, in whose name the property was assessed, was not a resident of the parish of Point Coupée, in which the land was situated; that Blanchard, on whom the notice was served, was not his agent, and that Braud had no agent in the parish. Hence, the necessary 'service, an essential pre-requisite to seizure, was not made. Sec. 5 of the same law requires that "when the owners are unknown or absent, and have left no known agent," on application of the tax-collector, the judge shall appoint a curator *ad hoc*, upon whom notice shall be served. Braud was a non-resident of the parish, absent therefrom, without domicil therein, and had left no known agent, and under these circumstances, the only valid notice could be given to a curator *ad hoc* appointed by court. This was not done. This Court has frequently held that non-compliance with the statutory requirements and preliminary acts as to tax sales operates to vitiate such sales. 4 La. 150, 207; 18 La. 514; 14 An. 209. See, also, Blackwell vs. Tax Titles, p. 50; Cooley on Taxation; Burroughs on Taxation; 12 An. 748; 14 An. 209; 10 An. 771; 28 An. 17, 537; 29 An. 508; 32 An. 925.

For the reasons which we have given above, we think the judgment of the lower court should not be maintained.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, in so far as it recognizes the mortgage in favor of the plaintiff, Marguerite Villey, and the judgments enforcing the same, and decrees the seizure and sale of the

mortgaged land to satisfy the same, and be amended, so as to decree, as is hereby done, the adjudication and sale of said land made by the tax-collector of Point Coupée parish to John E. Breaux, on 11th of October, 1873, to be null and void, and of no effect whatever; and it is further ordered that this cause be remanded for the purpose of trial and adjudication of the claims of the parties as to hypothecary rights, or those of ownership of the property seized; appellee to pay the costs of both courts.