148 So. 442

## LIQUID CARBONIC CORPORATION v. CROW et al.

No. 32044.

May 1, 1933.

William H. Cook and L. A. Newsom, both of Shreveport, John R. McIntosh, of Oak Grove, and Clifford E. Hays, of Minden, for appellant.

Tobin R. Hodge, of Rayville, for appellees J. H. Lusk & Epps Drug Co.

OVERTON, Justice.

On September 3, 1930, plaintiff sold and delivered to the defendant Roy Crow a soda fountain with the appurtenances appropriate for its use. The purchase price of the property was $1,929, represented by four promissory notes, payable in installments of $40 a month. The notes provide for the payment of interest at the rate of 6 per cent. per annum, and for attorney's fees at 15 per cent. on the principal and interest. The notes contain a clause accelerating their maturity upon failure to pay any one of the installments when due. To secure the payment of the notes, Crow granted to plaintiff a chattel mortgage on the property sold, which was duly recorded. Crow paid only one installment on the notes, defaulting on the next installment, thereby maturing all other installments.

On February 21, 1930, Crow filed a report of his property for assessment with the assessor, in the names of "Mr. and Mrs. Roy Crow." The property reported consisted of real estate, with the improvements thereon, merchandise, store furniture, fixtures, and one automobile.

On July 27, 1930, Crow's place of business, known as the Epps drug store, was destroyed by fire, together with its contents. This was a few days before the purchase of the soda water fountain.

The taxes on the movable and immovable property, assessed to Mr. and Mrs. Crow, were paid, but the taxes on the stock of merchandise, business furniture, and fixtures were not paid, and therefore the sheriff seized and sold this property to satisfy the unpaid taxes; J. H. Lusk becoming the purchaser of the property. It is charged by plaintiff that this tax sale was made pursuant to a conspiracy entered into between J. H. Lusk, the holder of a special mortgage on the realty, owned by Crow, and assessed by the latter to himself and wife, to defraud plaintiff of its rights against the soda fountain. It will be unnecessary to refer to this charge again.

After the tax sale the Epps Drug Store, Inc., was created, and Lusk, who was one of

the incorporators, transferred to the newly created corporation the property purchased by him at tax sale, including the soda fountain and its appurtenances, the whole being transferred by Lusk for $1,800 in stock.

Following the tax sale, and after the stock, furniture, and fixtures had been transferred to the new corporation, Lusk, who was the holder of a mortgage on Crow's realty, including the store building, caused executory process to issue on his mortgage, and seized and sold the realty mortgaged, he becoming the purchaser at the sale. This sale plays a part in this litigation.

■ Plaintiff, by this suit, seeks to annul the tax sale for the purpose of subjecting the fountain and its accessories to its mortgage. Several grounds are urged specifically in its petition as to why the tax sale should be annulled. We do not deem it necessary to pass on these specific grounds. There is a ground, patent upon the face of the tax deed, attached to the petition, which, in our opinion, shows that the deed is absolutely null and void on its face. The property, though personal property, was advertised to be sold for cash, subject to redemption at any time for the space of one year by paying the price paid with penalties and costs added. The property, as appears from the tax deed, was so offered and so adjudicated.

The Constitution provides that movable property shall be sold for taxes for cash, without appraisement, and without the right of redemption, as also does section 3 of Act No. 144 of 1918. The constitutional provision, so providing, reads as follows:

"Taxes on movables shall be collected by seizure and sale by the tax collector of the movable property of the delinquent, whether it be the property assessed or not, sufficient to pay the tax. Sale of such property shall be made at public auction, without appraisement, after ten days' advertisement, made within ten days from date of seizure, and shall be absolute and without redemption." Const. 1921, art. 10, § 11.

■ The insertion of the redemption clause in the advertisement, the offer of sale, and the adjudication or sale cannot, we think, be disregarded as surplusage, as suggested by defendants. It is a well-established rule of law that in the forced alienation of property the law which supplies the consent of the owner and of those having an interest in the property must be strictly complied with, under penalty of nullity. The fact that the tax collector inserts a condition in the advertisement and in the offer to sell, not authorized by law, but rather prohibited, may have the effect of deterring persons from bidding who otherwise would bid, for few are willing to purchase a possible lawsuit, and depend upon its being held that the condition inserted is mere surplusage, and few, no doubt, are ordinarily willing to buy personal property, if it may be redeemed in a year.

■■ The tax sale is an absolute nullity on its face, and should be so declared. Plaintiff, as a mortgage creditor, has the right to have the nullity decreed, while such a sale, perhaps, may be ratified by the owner, but not to the prejudice of a mortgage creditor.

■ Defendants rely also upon the foreclosure sale of the mortgage on the realty as divesting Crow of the soda fountain and its

appurtenances, to the prejudice of plaintiff's mortgage. The theory upon which this position finds foundation is that the moment the fountain was attached to the building for use it became an immovable by destination, and Lusk's mortgage on the realty attached to it as such. Soda fountains, attached to drug stores and similar buildings for the purpose of selling and distributing beverage, are easily removed, as a rule, without injury to the buildings or to the fountains, and are not usually attached permanently to the premises. They are generally so attached as to be removed whenever it is to the interest of the owner of the business and premises to remove them. There is nothing in this record to take the fountain out of the ordinary and usual rule. The fountain is not an immovable by destination, and did not pass to the purchaser at the foreclosure of the realty mortgage. Civil Code, arts. 468, 469.

■ In closing, we may add that Lusk had no title to the fountain to transfer to the Epps Drug Store, Inc. Besides, the record leaves no doubt that the incorporators of the drug company were familiar, at the time of the transfer, with the facts entering into Lusk's title.

The tax sale, so far as it affects the fountain and its appurtenances, should be set aside, and plaintiff's chattel mortgage should be recognized and ordered to be enforced against the fountain and its appurtenances. Since the trial court refused this relief, save the demand for a personal judgment for the balance due on the notes, its judgment should be amended so as to grant it.

■ The judgment appealed from is amended so as to decree null and void said tax sale,

so far as it affects said fountain and its accessories, and so as to recognize and enforce said chattel mortgage on the same, plaintiff, before enforcing the chattel mortgage, to pay the part of the price and costs paid in the tax sale for the fountain and its appurtenances, as well as the taxes since paid thereon, together with 10 per cent. per annum interest thereon, as provided by section 11 of article 10 of the Constitution of 1921, and in all other respects the judgment is affirmed, save that defendants are to pay the costs in both courts.

O'NIELL, C. J., concurs in the result.