193 So.2d 100 (1966)
STANDARD HOMES, INC., Plaintiff-Appellee,
v.
Harlan L. PRESTRIDGE, Defendant-Appellant.
No. 10710.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1966.
*101 Parkerson, Norris & Joiner, West Monroe, for appellant.
Boles, Talley & Ryan, Monroe, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
In this suit Standard Homes, Inc. seeks a decree annulling a tax sale of a residential house and lot sold for delinquent taxes due the City of Monroe for the year 1960. Harlan S. Prestridge, the purchaser at the tax sale is named defendant herein. After trial judgment was rendered in accordance with plaintiff's demands and defendant has appealed.
All pertinent facts are free from dispute and this appeal is confined to a determination of issues of law. Mary Jane Miles Malone acquired title to the property from her former husband, Robert Malone, in 1956 and exercised physical possession thereof until some date during the year 1960 when she moved to Texas, leaving the premises in care of her mother, who was residing on the property at the time of the filing of plaintiff's suit on April 2, 1965. On June 21, 1961 Harlan S. Prestridge purchased the subject property at a tax sale for delinquent taxes of the City of Monroe for the year 1960 and the tax collector's deed was registered in the records of the conveyance office of Ouachita Parish. The delinquent taxes were assessed in the name of Mary Jane Malone, notice of the sale having been attempted by registered letter addressed to the tax debtor at 3925 Orange Street, Houston, Texas. This letter was returned undelivered to the city tax collector and was personally handled by George H. Strong, Assistant Tax Collector, who is now deceased. The record is devoid of evidence indicating Mary Jane Malone was notified of the tax delinquency or that any attempt was made to notify her other than notice of publication in the newspaper. She testified by deposition that she did not receive any notice of the sale and at that time she was living in California. The record discloses parish and state taxes for the year 1960 were paid and on April 15, 1961 Mary Jane Malone signed a homestead exemption for the year 1961 and the assessment reflected the existence of a home on the property indicative that someone was residing thereon.
*102 During the redemption period of three years following the recordation of the tax deed, no action for redemption was taken by anyone and the defendant, Harlan S. Prestridge, has paid all taxes accruing. Standard Homes, Inc. in 1964 instituted suit to foreclose its mortgage on the property herein involved against Mary Jane Malone. At the conclusion of the sale the Sheriff's deed dated August 24, 1964 was registered in the Conveyance Records of Ouachita Parish. Prestridge intervened in the foreclosure proceedings asserting his rights under the tax sale deed and asserting rights opposed to the claims of Standard Homes, Inc. Through agreement of counsel and decree of the court, the rights of defendant-intervenor so asserted were deferred without prejudice in order to avoid delaying the Sheriff's sale. Standard Homes, Inc. became the adjudicatee and recorded its Sheriff's deed. In his pleadings Prestridge named Mary Jane Malone as a third party defendant but this action was abandoned.
Counsel for appellant presented to the trial court two principal issues which have been re-asserted on this appeal. They are, first, whether or not the plaintiff, Standard Homes, Inc., has a right or a cause of action herein to annul the tax sale within the five year peremption period established by Article 10 Section 11 of the Louisiana Constitution of 1921; and second, assuming Standard Homes, Inc. has a standing in court to attack the tax sale during the five year period of peremption, the further question arises as to whether the tax sale of 1961 may be decreed a nullity for failure to give to Mary Jane Malone notice in compliance with regulatory statutes.
Before attempting a determination of these issues it is proper to observe that this action was instituted after the redemptive period of three years had expired, but appellee's suit was filed within the five year period of peremption. It is conceded the statutes pertaining to redemption are inapposite. Further, it is significant, so it seems to us, that at the time this suit was instituted Standard Homes was not only a mortgage creditor but also occupied the position as owner of the property through acquisition as a result of the foreclosure sale.
In support of its judgment nullifying the tax deed of the defendant, the trial judge has supplied reasons for judgment which thoroughly discuss the issues presented and the arguments advanced by counsel. We have been greatly assisted by his analysis of pertinent statutes involved and applicable jurisprudence.
Counsel for defendant has argued that the right to attack the validity of a tax sale was restricted to the tax debtor or owner of the property and that action by Standard Homes, Inc. a mortgagee, was restricted to its right of redemption. Three statutes were cited in support of this contention. The first, LSA-R.S. 9:5201 accorded to a mortgage holder the right to require that he be furnished with notice of every tax sale registered by the Clerk of Court within 30 days from such registry; second, it was pointed out that LSA-R.S. 47:2183 expressly provided that after recordation of the tax sale deed, the property would be redeemable within three years and if not so redeemed "such record in the conveyance or mortgage office shall operate as a cancellation of all conventional and judicial mortgages * * *."; and third, it is argued that LSA-R.S. 47:2105 provides that where taxes are paid by one other than the tax debtor such payment shall not be construed or held to be a payment or satisfaction of the tax. The thrust of counsel's argument is that the tax debtor alone has the real right or interest which would give rise to an action to annul. For answer the trial judge said:
"Defendant, in his reliance upon these three statutes, must keep in mind that for the most part the urgings he makes are of no avail to him as one who has purchased at a tax sale. Whatever right the record owner has to restore the title of her property cannot be interfered with by the defendant herein. The rights that others have *103 under the law to return the property to the name of the record owner during the redemptive period could not be interfered with by the defendant herein.
"A purchaser at tax sale is similar to one who takes a pledge or pawn or is a secured endorser. His purchase is actually for the benefit of the tax debtor. His rights are strictly limited. The delinquent tax sale is used only for the purpose of tax collection and is not devised to divest ownership or to effect gain for bargain buyers or advantage seekers. It is intended to protect ownership of property while at the same time it insures tax collection. The tax purchaser is not a favored creature of the law. The contrary is apparent from our jurisprudence, i. e., the tax debtor is protected. The assignees and others of interest through the tax debtor stand in this same favor. * * *
"Certainly the statute which gives rise to the right to set aside an invalid tax sale during a period of five years has an overriding significance and takes precedence over a statute which cancels all mortgages and liens after the three year period of redemption. The cancellation of mortgages and liens after the passing of the three year redemptive period is predicated upon the validity of the sale. If the sale is invalid and if in fact, a right exists for the owner to set aside said sale as null and void, redemption is not applicable and the cancellation period would not operate.
"* * * The suit which is involved herein questions the validity of the tax sale. This Court has a right to pass upon that question and once that question is decided, the defendant cannot complain that the party to whom the property should revert, is not a party to the suit. As one in interest, the defendant, even though not record owner, had there been no executory proceeding, could set aside this sale and return it into the name of the record owner. He could then bring an executory proceeding and could foreclose. The fact that he has proceeded with executory process prior to the setting aside of the tax sale does not affect his rights under the law. * * *"
Our examination of the statutory law pertinent to the issues herein presented reveal no specific restriction upon the right of a mortgage creditor to independently initiate an action to annul a tax sale affecting property subject to the mortgage. Although expressly given rights of redemption and subrogation, the statutes do not expressly confer such a cause of action.
Appellee urges that plaintiff stands in place of Mrs. Malone and is the proper party plaintiff in this action. As of the time this action was instituted as above pointed out, plaintiff stood in the position of owner or potential owner by virtue of whatever title he acquired or would acquire by reason of the Sheriff's deed. If that deed is valid Mary Jane Malone no longer has any interest in the property even though the period of peremption had not then expired.
It was urged in Villey v. Jarreau, 33 La. Ann. 291 (1881) that the rights of the tax debtor were purely personal and could not inure to the advantage of a mortgage creditor by investing the latter with the right to institute an action to annul a tax sale. This contention was rejected by the court and accordingly in the cited case the tax sale was annulled. Counsel for appellant relies upon Federal Land Bank of New Orleans v. Hill, 170 La. 654, 129 So. 118 (1930) as holding that the mortgage creditor could not, after expiration of the redemption period, successfully sue to set aside a tax sale. But there no objection was made to the right of the mortgage creditor to institute its action and the court examined carefully the evidence and determined that the tax sale was valid in every respect. It observed that plaintiff was a victim of its own negligence in not looking after taxes due and delinquent on the property and that it could easily have protected itself by redeeming the property or required the clerk of court to give it notice of conveyance tax *104 sales registered in the office. The case, therefore, is not authority on the point that a mortgage creditor is without right to institute a suit to annul a tax sale. Of some significance is the holding of Liquid Carbonic Corporation v. Crow, 177 La. 379, 148 So. 442 (1933) wherein the court recognized the mortgage creditor had the right to have a tax sale of mortgaged personalty, void on its face, decreed a nullity, the court stating:
"The tax sale is an absolute nullity on its face, and should be so declared. Plaintiff, as a mortgage creditor, has the right to have the nullity decreed, while such a sale, perhaps, may be ratified by the owner, but not to the prejudice of a mortgage creditor." [148 So. 442, 444]
It will not be disputed that one who claims to be the owner of realty may bring an action to confirm his title and surely he should be entitled to avail himself of the rights possessed by his warrantor, subrogor or assignor.
We are of the opinion that Standard Homes, Inc. therefore succeeded to whatever rights affected the property herein involved which belonged to Mary Jane Malone at the time plaintiff acquired title to the property through the foreclosure proceedings. Certainly up to that point Mary Jane Malone had the right to institute an action to nullify the tax sale forasmuch as the peremption period of five years had not expired. As pointed out by the trial judge, appellant's contention that plaintiff's mortgage was erased through operation of law by virtue of the provisions of LSA-R.S. 47:2183 is without effect should the tax sale be declared a nullity. Subsequent to the redemption period, the existence of the debt remains, and the invalidity of the mortgage is dependent upon the validity of the tax sale.
We conclude, therefore, that plaintiff had the right to initiate this proceeding.
Counsel for appellant seriously urges that the trial court erred in holding the tax sale invalid on the grounds that proper notice was not given Mary Jane Malone the tax debtor. LSA-R.S. 47:2180, insofar as pertinent herein, provides:
"On the second day of January of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
"The tax collector shall send to each taxpayer by registered mail the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by registered mail or may make personal or domicilliary service on the tax payer. * * *" [LSA-R.S. 47:2180]
Except by means of the registered letter to Mary Jane Malone forwarded to an address in Houston, Texas, where the tax debtor could not be reached, and by advertisement, the tax debtor was not otherwise notified. No further attempt was made to locate a proper address and give some effective notice to the tax debtor. The record discloses that shortly prior to the sale a homestead exemption had been applied for by Mary Jane Malone, a mortgage from Mary Jane Malone to Standard Homes, Inc. had been recorded in the clerk's office, and a record had been made in the office of the tax assessor indicating a change in the assessment, which showed the presence of a resident upon the premises subject to the *105 tax. The trial court held with these means of ascertaining the proper location of the tax debtor and giving actual notice to her available to the tax collector, it became the duty of the latter to give additional and effective notice. Our jurisprudence has repeatedly recognized the rule that where the tax collector after the tax delinquency notice is sent to the wrong address, was returned unclaimed, and made no further efforts to ascertain the tax debtor's correct address and deliver notice, the tax sale was void and purchaser's tax title invalid: Act No. 170 of 1898, §§ 50-52, LSA-R.S. 47:2179, 47:2180; Act No. 106 of 1934, LSA-R.S. 47:2228; Const.1921, art. 10, § 11; Miller v. Cormier, 16 So.2d 82 (La.App., 1st Cir. 1943); Robinson v. Fafrige, 229 La. 376, 86 So.2d 72 (1956).
The latter case declares:
"The jurisprudence dealing with such sales is to the effect that the collector is under an obligation to make some reasonable effort to locate and notify the nonresident tax debtor. If unsuccessful in his attempt, `As a last resort, he must comply with section 52 in order to satisfy the constitutional requirements of notice to delinquent taxpayers.'" [86 So. 2d 72, 75]
The decision of the trial court invalidating the tax sale to the defendant presents no reversible error and the judgment from which appealed is affirmed at appellant's cost.
It is ordered that there be judgment recognizing Standard Homes, Inc. as the owner of Lot Five (5), Square Seventeen (17) of Renwick's Addition to Monroe, Louisiana as per plat of said addition on file and of record in the Clerk's Office of Ouachita Parish, Louisiana; and it is further decreed that the tax sale to Harlan S. Prestridge of the above described property for delinquent taxes of the City of Monroe for the year 1960, be annulled with cancellation of the tax collector's deed registered in the office of the Clerk of Court for the Parish of Ouachita, in Conveyance Book 737 at page 178.
Defendant is taxed with all costs of this suit.