387 So.2d 1217 (1980)
Daryl C. Sins, Wife of Alvin R. CHILDRESS, III
v.
Obie JOHNSON, Jr. and Shirley Mae Johnson.
No. 13402.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Rehearing Denied September 4, 1980.
*1218 Alvin R. Childress, III, New Orleans, for plaintiff.
Fannie E. Burch, Amite, for defendants.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is an appeal from a judgment of the District Court dismissing the demands of the plaintiff, Daryl C. Sins, wife of Alvin R. Childress, III, against the defendants, Obie Johnson, Jr. and Shirley Mae Johnson, and decreeing the tax sale to the plaintiff for the unpaid taxes for the year 1973, recorded in COB 396, page 167, to be an absolute nullity for lack of proper notice. We affirm.
The trial court found as facts that the defendants were in actual corporeal possession of the property sold at the tax sale, having actually resided on the one-half acre tract of land from their acquisition of it continuously up to the date of the trial, and that the defendants, the record owners, did not receive a notice of the tax delinquency for 1973, which letter of notice of the tax delinquency was addressed merely "Johnson, Obie and Shirley, Kentwood, LA., 70444" having been returned to the Sheriff and Tax Collector marked "unclaimed." The Sheriff and Tax Collector made no further efforts to notify the defendants of the tax delinquency. We have reviewed the record and it fully substantiates these factual findings.
The suit arose as an action to confirm the tax title to the subject property, a lot measuring 117 feet by 185 feet in Section 5, Township 2 South, Range 7 East, in Tangipahoa Parish, Louisiana, which the plaintiff acquired by tax deed dated July 8, 1974 for 1973 taxes in the amount of $15.24. The action was brought on July 10, 1979, more than five years after the tax sale.
The three year redemption period having run, the tax debtor's only recourse in the instant case is to attack the validity of the tax sale. This attack must ordinarily be brought within the five year peremptive *1219 period, unless this period has been interrupted by the physical or corporeal possession of the property by the tax debtor. Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226 (La.1979).
Specifically, in Cook v. Morgan, 142 So. 279, 281 (La.App. 2 Cir. 1932), it was held that:
"If the tax debtor continues in the actual possession of the property sold at tax sale, the possession is a continuous assertion of his title and protest against the sale; the pre-emption does not accrue and the tax title cannot be perfected."
Corporeal possession by the tax debtor of such a nature as to form a constant protest to the tax sale suspends (interrupts) the five year peremptive period. LSA-R.S. 47:2226; Collins v. Quinn, 366 So.2d 209 (La.App. 2 Cir. 1978).
Thus, in the instant case both the three year redemptive period and the five year peremptive period have run unless the peremptive period has been interrupted. According to Securities Mortgage Company, supra, the three year redemptive period is not interrupted by corporeal possession of the tax debtor, but the five year period is interrupted by such possession.
Hence, the threshold question is whether the tax debtors in this case were in corporeal possession of the property so as to suspend the running of the five-year peremptive period. The record establishes that they were. The testimony of Mrs. Johnson shows conclusively that they have resided on the subject property since its acquisition in 1970. This is corroborated by Mrs. Johnson's sister, and is not seriously questioned by the plaintiff.
The giving of notice of delinquency required by the Constitution of 1974, Article 7, § 25 and LSA-R.S. 47:2180 (and its statutory predecessors) is mandatory. See Garry v. Zor, Inc., 181 So.2d 828 (La.App. 4 Cir. 1966).
Such notice must be given to a tax debtor before his property may be sold for nonpayment of taxes. Where mailing of such notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector is required to take additional reasonable steps to notify the tax debtor, and the failure of the tax collector to perform this obligation renders the tax sale null and void. Sheridan v. Commercial Guaranty and Brokerage Corporation, 292 So.2d 317 (La.App. 1 Cir. 1974). Also, when the tax collector, after the tax delinquency notice is sent to the wrong address and returned unclaimed, makes no further effort to ascertain the tax debtor's correct address and deliver notice, the tax sale is void and the purchaser's tax title is invalid. Standard Homes, Inc. v. Prestridge, 193 So.2d 100 (La.App. 2 Cir. 1966); see also Succession of Welsch v. Carmadelle, 264 So.2d 341 (La.App. 4 Cir. 1972), writ denied, 262 La. 1181, 266 So.2d 452 (1972).
A review of the record, the briefs of counsel, and of the jurisprudence convinces us that the trial judge correctly decided the facts and correctly applied the applicable law herein, and we adopt and incorporate herein, as our own, his "Written Reasons for Judgment" (see attached Appendix) affecting the following described immovable property:
"Beginning at the Southwest Corner of the Northwest Quarter of the Northwest Quarter (SW Corner of NW ¼ of NW ¼) of Section 5, Township 2 South, Range 7 East, Tangipahoa Parish, State of Louisiana, run thence East along the South boundary line for a distance of 118 feet to a point of beginning, thence North for a distance of 185 feet, thence East for a distance of 117 feet, thence South for a distance of 185 feet, thence West along the South boundary line for a distance of 117 feet to the point of beginning, containing one-half (½) acre, more or less, together with all of the improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining; and being the same property acquired by Obie Johnson and Shirley Mae Johnson by `Quitclaim deed, Vendor's *1220 Lien and Special Mortgage' dated January 21, 1970 from Mid-State Homes, Inc. recorded in Book 337, Folio 17, Entry No. 174727 of the Conveyance Records of Tangipahoa Parish, Louisiana."
We therefore affirm at appellant's costs.
AFFIRMED.

APPENDIX
NUMBER: 56,784 21ST JUDICIAL DISTRICT
 COURT
DARYL C. SINS, WIFE OF:
ALVIN R. CHILDRESS, III PARISH OF TANGIPAHOA
VERSUS
 STATE OF LOUISIANA
OBIE JOHNSON, JR. AND
SHIRLEY MAE JOHNSON DIVISION "D"

REASONS FOR JUDGMENT
LEON FORD, III, District Judge.
Plaintiff purchased the subject property at a tax sale for the unpaid State and Parish taxes for 1973. The unpaid taxes actually consisted of only the garbage tax in the amount of $6.74. The defendants had previously signed for Homestead Exemption and the property was homestead exempt as they were residing in the residence thereon.
This Court finds that the defendants never received any notice of the unpaid taxes due for the year of 1973. Defendant testified that they did not receive the original tax notice before the first of the year, and the certified letter mailed out by the Sheriff and Tax Collector was addressed merely "Johnson, Obie and Shirley, Kentwood, LA 70444". The letter was returned by the post office marked "unclaimed" and was admitted in evidence as plaintiff's exhibit # 6. There is no evidence that the post office left, or the defendant received, any form of notification that a certified letter had been sent to them. At the time in question, they were residing on the property and receiving their mail in care of Matthew Robertson, Sr. at Rt. 1 Box 431, Kentwood, LA 70444. The rural mail carrier was unaware that they were receiving their mail through that box at that time. However, a visit to the property by the tax collector would readily have shown the occupancy of the property by the defendants.
It is the opinion of this Court that this matter is readily distinguishable from the recent case of Security Mortgage, Inc. v. Triplett et ux., # 64,076 as cited by the Plaintiff. In that case the post office left several notices of the certified letter at the defendant's residence, and the only reason that the tax debtor did not receive the certified letter was because he did not go to the post office to pick it up as he had been directed to. In that case the Supreme Court held that there was sufficient notice for tax sale purposes.
For the reasons set forth herein judgment will be rendered in favor of the defendants rejecting the demands of the plaintiff at plaintiff's cost. Judgment in accordance with these reasons will be signed when presented to the Court by the attorney for the defendants.
Amite, Louisiana this 26th day of October, 1979.