WATKINS, Judge.
The present suit was filed by Gaynell Odette Melerine and her husband, Joseph Anthony Melerine, against Lucy Reid Rausch, Clerk of Court, Parish of St. Tammany, and a host of other defendants, in- *426 eluding Dr. Alvin E. Johnson, vendee of the property formerly owned by the Melerines and bought by Dr. Johnson at a tax sale. All defendants were subsequently discharged except Dr. Johnson, against whom the present proceeding to set aside an allegedly invalid tax sale was brought to trial and decided. The trial court set aside the tax sale and awarded a monetary judgment in favor of Dr. Johnson in the sum of $412.27, plus interest at a rate of ten (10%) per cent per annum until paid. Dr. Johnson appealed. The Melerines answered the appeal, seeking not to be held liable for any monetary sum. We affirm.
The Melerines bought the property in question from James Jackson on June 8, 1976. The act of sale was filed of record in St. Tammany Parish the same day. A notice of delinquent taxes was mailed to the vendor, James Jackson, in March, 1977, for the tax year 1976, at Jackson’s address, and returned unclaimed. On May 11,1977, the property was sold at tax sale to Dr. Alvin E. Johnson, defendant-appellant. The Melerines have been in physical possession of the property in question at all relevant times, according to stipulation of counsel. The present suit was filed January 28, 1983.
Dr. Johnson contends that the Melerines were not the record owners at the time of the tax sale, May 11, 1977. He bases his contention upon the allegation of the Melerines in their petition that the sale from James Jackson to the Melerines was never properly filed of record. Dr. Johnson contends that the allegation in the Melerines’ petition that the sale from Jackson to the Melerines was never duly filed of record constitutes a judicial confession. However, Dr. Johnson denied the correctness of this allegation in his answer. A judicial confession is a declaration made by a party in a judicial proceeding. LSA-C.C. art. 1853 (1984 La. Acts No. 331, § 1, eff. Jan. 1,1985). Although it can be made in a pleading, whether petition or answer, it may be revoked if it is factually in error. LSA-C.C. art. 1853; Succession of Fontano, 196 La. 775, 200 So.142, 146 (1941). In the present case, a certified copy of the act of sale from Jackson to the Melerines, introduced in evidence as “Exhibit H” by the Melerines over objection of counsel for Dr. Johnson, clearly shows the act of sale was filed of record June 8, 1976, at 4:15 P.M. The trial court found that the Melerines were owners of record at the time the tax notice was sent out, and at the time of sale. We find no error in this finding.
Failure to give notice of delinquent taxes to the owner of record renders the tax sale a nullity. Childress v. Johnson, 387 So.2d 1217, 1219 (La.App. 1st Cir. 1980), writ denied, 393 So.2d 744 (La.1980). More than five years elapsed between the date of the tax sale and the date the present suit was filed to set aside the tax sale on the ground of nullity, the tax sale having been dated May 11, 1977, and the present suit having been filed January 28, 1983. Article 7, Section 25 of the Louisiana Constitution of 1974 provides a five year prescriptive period for filing suit to set aside a tax sale on the ground of nullity. However, prescription does not run against a tax debtor in possession of the property in question. LSA-R.S. 47:2226; Childress, supra. As the Melerines were in possession at all relevant times, they may have the tax sale set aside, as no notice of delinquency, as required by statute, was ever furnished the Melerines. See, LSA-R.S. 47:2180. Thus, as Childress holds, the tax sale was an absolute nullity and must be set aside.
The Melerines question the right of Dr. Johnson to any monetary sum, and seek damages for a frivolous appeal. However, Subsection (C) of Article 7, Section 25 of the Louisiana Constitution of 1974, expressly provides for the price and all taxes and costs to be paid by the tax debtor where a tax sale is set aside on the ground of nullity.
Damages for a frivolous appeal are not favored in law. A real issue existed as to the legal efficacy of the present proceeding to set aside the tax sale. Hence, damages for a frivolous appeal are denied.
*427 The judgment of the trial court is affirmed, all costs in the trial court to be borne equally by the parties, all costs of the appeal to be borne by appellant.
AFFIRMED.