REMY CHIASSON, Retired Judge.
This is a devolutive appeal from a judgment of the District Court which declared null and void ab initio a tax sale of June 6, 1973 and the tax deed issued pursuant thereto on June 19, 1973. Defendant’s peremptory exception pleading the exception of five years liberative prescription was referred to the merits and overruled in the judgment rendered on February 20, 1986 and signed on April 25, 1986.
Defendant-appellant, Charles E. Lee, bought the property, being Lot 3, Square 19, GREENVILLE EXTENSION, situated in Baton Rouge, for the unpaid taxes for the year 1972; the tax deed was recorded as Original 81, Bundle 8406, C.O.B. 2307, Folio 396, in the Office of the Clerk and Recorder of East Baton Rouge Parish on June 19, 1973.
The trial court found as a fact that the statutorily required delinquency notice was not sent to Mid-City, the tax debtor, by certified mail, return receipt requested, the notice was not received by Mid-City, upon the return of the letter by the postal service, marked undeliverable after one attempt, the sheriff did not take additional reasonable steps to notify Mid-City of the delinquency and the sale which would take place if the delinquent taxes were not paid within the time stated in the notice and property would be sold for unpaid taxes, and from the evidence presented, the Sheriff never filed the required Proces Verbal of sale. The court found, additionally, that although Mid-City moved its office from 307 North Boulevard to 351 St. Ferdinand Street, both in Baton Rouge, in 1965, tax notices for the years 1965 through 1971, which had been directed to the North Boulevard address, the address reflected on the assessment rolls, were forwarded to it at the St. Ferdinand Street address.
ASSIGNMENTS OF ERROR
Appellant assigns as errors the trial court’s (1) overruling the peremptory exception pleading liberative prescription of five years, (2) placing the burden of proving the validity of the tax sale on appellant, (3) finding as a fact that the required delinquency notice was not sent by certified mail, the delinquency notice was sent to the wrong address, the sheriff failed in his duty of properly notify Mid-City when the notice of delinquency was returned as undeliverable, and the sheriff did not file a Proces Verbal of the tax sale, and (4) declaring the tax sale null and void.
PRESCRIPTION
The suit to nullify the tax sale was filed almost eleven years after the sheriff issued the tax deed to Lee. The three year redemption period, provided by Article 10, Section 11 of the Louisiana Constitution of 1921 and in Article 7, Section 25 of the present Constitution, had expired when the suit was filed. Mid-City’s only recourse, as tax debtor, is to attack the validity of the tax sale. Ordinarily an attack on the validity of the tax sale must be made within the five year peremptive period provided in the referenced constitutional provisions. An exception to this rule occurs when the peremptive period has been interrupted by the tax debtor’s continual physical or corporeal possession of the property sold for taxes. Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226 (La.1979). The three year redemptive period is not interrupted by the tax debtor’s continued corporeal possession. Securities Mortgage, supra.
*600 The threshold question in the instant case is whether Mid-City, the tax debtor, remained in corporeal possession of the property, thus suspending the running of the five year peremptive period.
The uncontradicted testimony offered on behalf of Mid-City reflects that Mid-City continued in possession through a number of tenants who rented the building and grounds from a time before the tax sale to the date of the trial. Mid-City performed required maintenance of the building until the tenants began assuming responsibility for it. Accordingly, the exception pleading prescription was properly overruled.
ADEQUACY OR INADEQUACY OF NOTICE
The trial court found that tax notices for the years 1965 through 1971 were forwarded to Mid-City’s office at 351 St. Ferdinand Street although the corporation moved from 309 North Boulevard in 1965. The court additionally found that the delinquency notice for 1972 taxes “was not received because it was still in the sheriff's office file produced in court this morning. It was not even, in my opinion, sent certified mail, return receipt requested, based on the record evidence.”
Appellant Lee argues that because Mid-City did not notify the Secretary of State until 1976 that the corporation’s office address had changed, as required by La.R.S. 12:104(B), the notice of delinquency was properly sent and it was Mid-City’s negligence which resulted in its not receiving the notice. Lee concludes that the delinquency notice was neither defective nor sent to the wrong address, thus the notice was legally sufficient as a basis for upholding the validity of the tax sale.
In Childress v. Johnson, 387 So.2d 1217 (La.App. 1st Cir.1980), writ denied, 393 So.2d 744 (La.1980), we affirmed the lower court’s decree that a tax sale was an absolute nullity for lack of proper notice of delinquency, reasoning as follows:
The giving of notice of delinquency required by the Constitution of 1974, Article 7, § 25 and LSA-R.S. 47:2180 (and its statutory predecessors) is mandatory. (Citation omitted.)
Such notice must be given to a tax debtor before his property may be sold for nonpayment of taxes. Where mailing of such notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector is required to take additional reasonable steps to notify the tax debtor, and the failure of the tax collector to perform this obligation renders the tax sale null and void. (Citation omitted.) Also, when the tax collector, after the tax delinquency notice is sent to the wrong address and returned unclaimed, makes no further effort to ascertain the tax debtor’s correct address and deliver notice, the tax sale is void and the purchaser’s tax title is invalid. (Citations omitted.)
387 So.2d at 1219. (Parentheses supplied.)
Unless the trial court’s findings of fact are manifestly erroneous they should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record fails to disclose manifest error. The record supports the trial court's findings of fact and conclusions of law. Because the tax sale was void and invalid due to the tax collector’s failure to take additional steps to notify the tax debt- or as required by law, we need not address the burden of proof issue.
For the foregoing reasons, the judgment of the trial court, annulling the tax sale and deed as it pertains to Lot Three (3), Square Nineteen (19), GREENVILLE EXTENSION, Parish of East Baton Rouge, recorded as Original 81, Bundle 8406 in C.O.B. 2307, Folio 396, of the records of the Clerk and Recorder of East Baton Rouge Parish on June 19, 1973, is affirmed. Appellant is cast for all costs of this appeal. AFFIRMED.
CARTER, J., concurs in the result.