GUIDRY, Justice.
 
 *
 

 hln this case, we answer the question whether notice of the tax sale for delinquent ad valorem taxes on immovable property sent to only one of numerous co-owners of record renders the tax sale null and void. The district court and the court of appeal majority held this tax sale to be
 
 *1136
 
 invalid as to all co-owners, because a tax sale without proper notice to all co-owners is null and void. After review of the facts and applicable legal principles, we affirm. The failure in this case to provide the requisite notice of the tax sale to each co-owner of record of immovable property is constitutionally deficient, rendering the tax sale null and void in its entirety with regard to all co-owners, including a co-owner who received notice of the tax sale.
 

 FACTS AND PROCEDURAL HISTORY
 

 This case comes to us on summary judgment, and the facts are not contested. In December 1992, George Albert Gorsulow-sky and his wife, Marilyn Barron Gorsu-lowsky, acquired ownership of the subject residential property at a Caddo Parish Sheriffs tax sale. Mrs. Gorsulowsky subsequently died, and in May 1995, a judgment of possession was rendered in her succession recognizing Mr. Gorsulowsky and their seven surviving children as undivided owners of the property. Mr. |2Gorsulowsky was awarded an undivided 3/4 interest, while each of the children received an undivided 1/28 interest, subject to Mr. Gorsulowsky’s usufruct.
 
 [1]
 

 Mr. Gorsulowsky was the only co-owner of record to receive notice of the unpaid 1999 Caddo Parish taxes, by return receipt dated May 17, 2000. Cody Investments, L.L.C. subsequently purchased a 99% interest in the property at a tax sale on July 19, 2000 (often referred to in the record as the Cody Tax Sale). The tax sale deed was recorded on August 4, 2000 (often referred to as the Cody Tax Sale Deed). The other co-owners of record did not receive any notice of the tax sale involving the Cody Tax Sale Deed.
 

 In May 2008, the Gorsulowsky children conveyed their interest in the property to Bobbie D. Mitchell, who, incidentally, had been a co-owner of the property when Mr. Gorsulowsky acquired it at the 1992 tax sale. Ms. Mitchell then immediately conveyed her interest in the property to the plaintiffs herein, C & C Energy, L.L.C., and Red Sox Investments, L.L.C.
 

 In July 2008, the plaintiffs filed suit against Cody Investments, L.L.C., to annul the Cody Tax Sale Deed on the ground that not all of the owners of record of the property sold in the Cody Tax Sale Deed had received notice of the tax sale as required by U.S. Const, amend. XIV § 1, La. Const, art. 7 § 25, former La.Rev.Stat. 47:2180 (now revised and renumbered as La.Rev.Stat. 47:2153), and
 
 Mennonite Bd. of Missions v. Adams,
 
 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). The plaintiffs alleged that the failure to provide the required notice prior to the tax sale to all of the record owners, including the Gorsulowsky children — the ancestors in title to the plaintiffs and whose interests were reasonably ascertainable at the time of the |stax sale — rendered the tax sale deed an absolute nullity and resulted in an absolute nullity of the tax sale itself.
 

 Asserting that no genuine issue of material fact existed and that the law and jurisprudence mandated judgment in their favor, the plaintiffs moved for summary judgment. The defendant opposed the motion and filed its own cross-motion for summary judgment. In its motion, the defendant alternatively argued that Mr. Gorsulowsky had received proper notice of the tax sale and that the tax sale should
 
 *1137
 
 therefore be declared valid as to his 3/4 interest.
 

 The district court granted the plaintiffs’ motion for summary judgment and denied the defendant’s motion. The district court annulled the tax sale on the basis that the co-owners had not received proper notice of the tax sale and, therefore, the sale was an absolute nullity.
 

 A majority of the court of appeal affirmed the district court’s summary judgment in favor of the plaintiffs. The majority first rejected the defendant’s argument that the tax sale is valid because Mr. Gor-sulowsky, who had received the notice, was responsible for the taxes and was the usu-fructuary. The court of appeal found that both the United States Supreme Court and this court have held that co-owners must receive notice of the tax sale and that a tax sale without notice is null and void, citing
 
 Mennonite Bd. of Missions v. Adams
 
 and
 
 Lewis v. Succession of Johnson,
 
 05-1192 (La.4/4/06), 925 So.2d 1172. The majority further rejected the defendant’s argument that the tax sale was valid as to Mr. Gorsu-lowsky’s 3/4 interest because he had received notice of the tax sale and because an undivided interest in immovable property may be conveyed to a third party. The majority did not believe the
 
 Lewis
 
 court would have validated the sale with regard to Mr. Gorsulowsky’s interest. The majority reasoned that one co-owner cannot pay his portion of the tax |4and prevent the sale of all the property, because the tax amount must be paid in full, citing La.Rev. Stat. 47:2153. Accordingly, the majority reasoned that because notice is required to be given to all co-owners before a sale occurs, the district court properly found this tax sale to be null and void in its entirety.
 

 We granted the defendant’s writ application to determine the correctness of the lower courts’ rulings.
 
 C & C Energy, L.L.C. v. Cody Investments, L.L.C.,
 
 09-2160 (La.1/22/10), 25 So.3d 813. For the reasons set forth below, we affirm.
 

 LAW AND DISCUSSION
 

 A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). The summary judgment procedure is favored in Louisiana and is designed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ. Proc. art. 966(A)(2). Appellate courts review a judgment granting or denying a motion for summary judgment de novo.
 
 Bonin v. Westport Ins. Corp.,
 
 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910. Thus, appellate courts must ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Hood v. Cotter,
 
 08-0215, 08-0237, p. 9 (La.12/2/08), 5 So.3d 819, 824.
 

 In this case, the defendant asserts the tax sale was valid as to Mr. Gorsulowsky’s interest because he received proper notice of the tax sale. The defendant relies on language from this court in
 
 Lewis
 
 to support its argument. In that case, after deciding that the Sheriffs actions in attempting to notify the co-owner ^siblings of the tax sale were constitutionally deficient and, thus, the tax sale was invalid, we next looked at whether another co-owner’s interest had been divested by the tax sale because the notice of the tax sale had allegedly been mailed to her, but was returned unclaimed, and her name had ostensibly been listed in the advertisement
 
 *1138
 
 for the tax sale.
 
 See Lewis,
 
 05-1192 pp. 17-18, 925 So.2d at 1182. Ultimately, however, we determined that the tax sale notice to this co-owner was similarly deficient and failed to afford her due process, and thus the tax sale was invalid.
 
 Leivis,
 
 p. 20, 925 So.2d at 1184. Consequently, in
 
 Lewis
 
 we did not reach the question presented to us today, that is, whether a record co-owner’s undivided interest would have been divested through the tax sale had that co-owner been provided with proper notice.
 

 We answer that question today as follows: failure to provide the requisite notice of the tax sale to each co-owner of record of immovable property results in a denial of due process afforded by the federal and state constitution as to all co-owners and renders the tax sale null and void in its entirety with regard to all co-owners, including the co-owner who received notice of the tax sale.
 

 The principles underlying our holding today are well-established. The Fourteenth Amendment of the United States Constitution states: “No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law.” In
 
 Mullane v. Central Hanover Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Supreme Court established that “[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an ^opportunity to present their objections.” The
 
 Mullane
 
 Court emphasized that notice is constitutionally adequate when “the practicalities and peculiarities of the case ... are reasonably met.”
 
 Id.,
 
 at 314-315, 70 S.Ct., at 657.
 

 In
 
 Mennonite Bd. of Missions v. Adams,
 
 the Supreme Court recognized that the sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. In
 
 Mennonite Bd. of Missions,
 
 the mortgagee of a property contested a tax sale that occurred after the homeowner had failed to pay her property taxes.
 
 Mennonite Bd. of Missions,
 
 462 U.S. at 794, 103 S.Ct. at 2709. The mortgagee was not provided notice of the homeowner/mortgagor’s delinquent payment of the taxes or the subsequent tax sale.
 
 Id.
 
 After evaluating the mortgagee’s claim from a due process perspective, the Supreme Court held that “a mortgagee possesses a substantial property interest that is significantly affected by a tax sale” and therefore “is entitled to notice reasonably calculated to apprise him of a pending tax sale.”
 
 Id.
 
 at 798, 103 S.Ct. at 2711. The Supreme Court stated: “Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of
 
 any
 
 party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.”
 
 Id.
 
 at 800, 103 S.Ct. at 2712 (emphasis in original). Because the mortgagee was not afforded its constitutional right to due process, the Supreme Court reversed the decision of the Indiana Court of Appeals, which had upheld the tax sale.
 
 [2]
 

 Id.
 

 
 *1139
 
 As we explained in
 
 Lewis,
 
 our own constitution requires notice to the owners of record of any interest in the property. La. Const, art. VII, § 25 requires the tax [ collector to provide notice to a delinquent taxpayer.
 
 [3]
 
 In enacting former La.Rev. Stat. 47:2180, which was in effect at the time of the tax sale both in this case and in
 
 Lewis,
 
 the legislature established the manner in which notice of delinquencies in immovable property taxes should be provided in compliance with La. Const, art. VII, § 25. At the time of the tax sale, La.Rev.Stat. 47:2180 provided in pertinent part:
 

 § 2180. Immovable property, notice of delinquency
 

 A. On the second day of January each year, or as soon thereafter as possible,
 
 the tax collector shall address to each taxpayer ivho has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased,
 
 written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law. [Emphasis supplied.]
 

 In
 
 Lewis,
 
 we explained that, under Louisiana law, “in order to give property owners reasonable notice so as not to deprive them of constitutionally protected property rights, the tax collector is required to provide ‘each taxpayer’ with written notice, sent by certified mail return receipt requested, alerting each record owner of the immovable property that the owner’s failure to pay the taxes within twenty days will result in the sale of the property.”
 
 Lewis,
 
 05-1192, p. 8, 925 So.2d at 1177. We clearly emphasized the principle that “notice is a constitutional requirement, and want 18of notice is fatal to a tax sale.”
 
 Id.,
 
 pp. 8-9, 925 So.2d at 1177 (citing
 
 Adsit v. Park,
 
 144 La. 934, 81 So. 430 (1919)). Finally, we stated: “In the case of co-owners, ... the absence of notice to each co-owner is fatal to the tax sale.”
 
 Id.,
 
 p. 12, 925 So.2d at 1179.
 

 We reassert that “each co-owner is entitled to individual written notice of delinquent taxes because alienation by tax sale of immovable property, owned in indivision, without notice to each co-owner deprives the owners of due process.”
 
 Lewis,
 
 05-1192, p. 15, 925 So.2d at 1181. Furthermore, that deprivation of due process, we find, renders the tax sale null and void in its entirety, as to all co-owners. As the court of appeal majority reasoned, the co-owner in indivisión cannot generally pay his pro-rated portion of the taxes due and prevent the tax sale of the property; instead, the only means of preventing the
 
 *1140
 
 tax sale, or redeeming the property, is to pay the outstanding amount in full.
 
 See
 
 La.Rev.Stats. 47:2153 and 47:2126.
 
 [4]
 
 It stands |flto reason that a co-owner who does not receive his due process right of notice of the tax sale is precluded from stopping the tax sale and the alienation of the property,
 
 see
 
 La. Civ.Code art. 800 (“A co-owner may without the concurrence of any other co-owner take necessary steps for the preservation of the thing that is held in indivisión.”), thereby resulting in adverse disturbance to his ownership, even if another co-owner who did receive notice may be unable to prevent the tax sale. Such a result would place the co-owner who was not given requisite notice of the tax sale in the untenable position of either having to pay additional penalties and interest to redeem the property or, perhaps worse, finding himself in co-ownership with a third-party with adverse interests who may thereafter seek to partition the property.
 

 Although a co-owner may “freely lease, alienate, or encumber his share of the thing held in indivisión,” La. Civ.Code art. 805, a tax sale is an involuntary transfer of ownership facilitated by action of the State for non-payment of ad valorem taxes. Yet, “[t]he purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes.”
 
 See Hess v. Westerwick,
 
 366 Pa. 90, 98, 76 A.2d 745, 748 (1950). Therefore, the Fourteenth Amendment and the Louisiana constitution require proper notice to each owner in indivisión to guard against a deprivation of
 
 *1141
 
 property without due process of law. Consequently, we find the failure to provide the requisite [ lnnotice to each co-owner of record renders the tax sale null and void in its entirety.
 
 [5]
 

 DECREE
 

 Accordingly, for the reasons set forth above, we conclude the lower courts properly found that summary judgment was warranted in favor of the plaintiffs and that the Cody Tax Sale Deed is null and void in its entirety for failure to provide notice of the tax sale to all record co-owners in indivisión prior to the tax sale. The decision of the court of appeal is affirmed.
 

 AFFIRMED.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.
 

 [1]
 

 . The Gorsulowsky children are named as follows in the judgment of possession: David Craig Gorsulowsky, Mark Nathan Gorsulow-sky, Thomas Bradley Gorsulowsky, James Patrick Gorsulowsky, Timothy Scott Gorsu-lowsky, Susan Elizabeth Gorsulowsky Scott, and Barbara Elizabeth Gorsulowsky Skannal.
 

 [2]
 

 . Of note, the homeowner/mortgagor in
 
 Mennonite Bd. of Missions
 
 had apparently been provided with the requisite notice under the Indiana statute.
 
 See Id.
 
 at 794, 103 S.Ct. at 2709.
 

 [3]
 

 . Article VII, § 25, entitled "Tax Sales,” provides in pertinent part:
 

 Section 25. (A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs’ sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.
 

 [4]
 

 . La.Rev.Stat. 47:2153, entitled "Notice of delinquency and tax sale,” and which was enacted by Acts 2008, No. 819, § 1, effective January 1, 2009, provides in pertinent part:
 

 A. On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible,
 
 the tax collector shall send a written notice by United States mail postage prepaid to each tax notice party when the tax debtor has not paid all the statutory impositions which have been assessed on immovable property,
 
 notifying the person that the statutory impositions on the immovable property shall be paid within twenty days after the sending of the notice or as soon thereafter before the tax sale is scheduled, or that tax sale title to the property will be sold according to law. [Emphasis supplied.]
 

 La.Rev.Stat. 47:2123 provides the following definitions:
 

 (15) "Tax debtor” means, as of the date of determination, the person listed on the tax roll in accordance with R.S. 47:2126.
 

 (16) "Tax notice party” means, as of the date of determination, the tax debtor and any person requesting notice pursuant to R.S. 47:2159.
 

 [[Image here]]
 

 (19) "Tax sale party” means the tax notice party, the owner of property, including the owner of record at the time of a tax sale, as shown in the conveyance records of the appropriate parish, and any other person holding an interest, such as a mortgage, privilege, or other encumbrance on the property, including a tax sale purchaser, as shown in the mortgage and conveyance records of the appropriate parish.
 

 La.Rev.Stat. 47:2126, entitled "Duty of assessors; single assessment,” provides:
 

 Each assessor shall deliver to the appropriate tax collector the tax roll for the year in which taxes are collectible by November fifteenth of each calendar year, except as otherwise provided by law. At the same time, the assessor may file the tax roll in the mortgage records of the parish in which property subject to the taxes is located. The assessor shall use reasonable efforts to list on the tax roll all co-owners of record of the property, or if there has been a tax sale to a party other than a political subdivision, the tax sale purchaser and the other owners, to the extent their interests were not sold at tax sale. The tax roll shall be updated as of January first or later of the year in which the taxes are collectible. There shall be only one assessment for each tax parcel, and the full assessment shall be on each tax bill sent pursuant to R.S. 47:2127(C), provided, however, if requested by a tax debt- or, the assessor may, but shall not be obligated to, make separate assessments for undivided interests in each tax parcel.
 

 [5]
 

 . We are aware that certain treatises have read this court's opinion in
 
 In re Interstate Land Co.,
 
 118 La. 587, 43 So. 173 (1906), as holding that notice of a tax sale to one co-owner is sufficient to validate the tax sale as to that particular co-owner.
 
 See, e.g.,
 
 "Right of interested party receiving due notice of tax sale or of right to redeem to assert failure or insufficiency of notice to other interested party,” 45 A.L.R.4th 447 (1986).
 
 See also Future Trends, L.L.C. v. Armit,
 
 04-0525 (La.App. 5 Cir. 11/16/04), 890 So.2d 13,
 
 writ denied,
 
 04-3082 (La.2/18/05), 896 So.2d 40. However, neither
 
 Interstate Land Co.
 
 nor
 
 Future Trends
 
 squarely addressed the issue presently before us. To the extent either case conflicts with our holding today, they are hereby disapproved.