# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1425


HARLTON K. STANLEY, ET AL.

VERSUS

CROWELL & OWENS, LLC

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 242,568
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.


**AFFIRMED.**


**Cooks, J., dissents and assigns written reasons.**


Kenneth Michael Wright
203 West Clarence Street
Lake Charles, LA  70601
(337) 439-6930
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Harlton K. Stanley
    Machal, LLC

Jimmy R. Faircloth, Jr.
The Faircloth Law Group, LLC
1412 Centre Court, Suite 203
Alexandria, LA  71301
(318) 619-7755
COUNSEL FOR DEFENDANT/APPELLEE:
    Crowell & Owens, LLC

**AMY, Judge.**

After the plaintiff developer filed suit seeking to have underlying attorney fee agreements declared null and void, the defendant law firm filed a reconventional demand seeking enforcement of a promissory note entered into by the plaintiff's president and his wife. The defendant alleged that the promissory note reflected indebtedness for all sums due under the previous agreements. The plaintiff filed the initial petition seeking annulment of the underlying agreements and the promissory note, arguing that the note was unenforceable. The defendant law firm filed a reconventional and third party demand and, ultimately, sought enforcement of the promissory note through a motion for summary judgment. The trial court granted the motion for summary judgment in the defendant law firm's favor. The plaintiffs appeal. For the following reason, we affirm.

**Factual and Procedural Background**

Harlton K. Stanley, now deceased, and Machal, L.L.C.[1], the limited liability corporation of which Mr. Stanley served as president, instituted the underlying matter in September 2011, seeking to have an engagement agreement with their attorneys, Crowell and Owens, L.L.C., declared null and void. The legal representation pertained to the plaintiffs' development and management of the Jena Choctaw Pines Casino. In pertinent part, the plaintiffs alleged that the initial agreement violated Rule 1.8(a) of the Rules of Professional Conduct in its construction and anticipation of a contingency fee for the defendant law firm and that a subsequent assignment of that agreement was null and void for want of consideration.

---

[1] Machal is referenced variously throughout the proceedings as Machal, Inc. or Machal, L.L.C. We reference the usage of the petition.

In turn, the defendant law firm filed a reconventional and third-party demand against Mr. Stanley and Stanley Holdings, L.L.C. Mrs. Carolyn Gay Chevallier Stanley was later substituted as a plaintiff in her capacity as the administrator of Mr. Stanley's succession. In its demand, the defendant law firm sought recognition of the assignment of the engagement agreement. Through the April 2007 assignment, Mr. Stanley, Stanley Holdings, and Machal agreed to pay the law firm $750,000.00 on or before December 1, 2007, in partial payment of services rendered. In turn, the defendant law firm's remaining contingency arrangement was reduced. In its demand, the defendant law firm contended that, despite the assignment of the agreement, no payment was made. In March 2011, Mr. and Mrs. Stanley entered into a promissory note, agreeing to pay the defendant law firm $989,375.00 plus interest. The stated purpose of the promissory note was to "satisfy all the rights, duties and obligations of the parties to that certain Agreement styled Assignment of Engagement Agreement dated April 25, 2007 by and between Stanley Holdings, L.L.C., H.K. Stanley, and Crowell and Owens, L.L.C." In its reconventional and third party demand, the defendant law firm sought payment of the note.

Thereafter, the trial court denied a motion for summary judgment in which the plaintiffs sought recognition that the engagement agreement and the subsequent assignment of the agreement were null and void due to an alleged failure to follow the dictates of Rule 1.8(a) of the Rules of Professional Conduct. In opposition to the motion, the defendant law firm attached, in part, an August 2012 letter written by plaintiffs' counsel to the Louisiana Attorney Disciplinary Board, alleging the violation of Rule 1.8. The defendant law firm further attached the January 2013 response letter from the Board's Office of Disciplinary Counsel to counsel for the

3

defendant law firm, reporting the Office's dismissal of the complaint upon a "determination that there is not clear and convincing evidence to support the complainant's allegations of unethical conduct against your client." The trial court ultimately denied the plaintiffs' motion for summary judgment in this regard.

Subsequently, the defendant law firm filed its own motion for summary judgment, seeking full payment on the promissory note. The defendant noted that no payments had been made under the promissory note, despite the opening of the gaming facility, causing Mr. and Mrs. Stanley to be in default under the note. Accordingly, the defendant law firm sought payment of the promissory note and attorney fees as permitted under the terms of the note. In support of the motion, the defendant law firm attached the engagement agreement, the assignment of engagement agreement, the promissory note, the defendant law firm's demand letter to Mrs. Stanley for collection of the note, the deposition of Mr. Stanley, as well as the deposition of William Owens, a member/manager of the defendant law firm.

The plaintiffs opposed the motion for summary judgment, noting various pleadings in the history of the case and re-urging the Stanley and Owens depositions. The plaintiffs also submitted the affidavit of Mr. Stanley's daughter who represented that her father had engaged another law firm to perform work that he felt his arrangement with the defendant should have covered. The plaintiffs argued that this documentation demonstrated that genuine issues of material fact existed "surrounding the validity of the Engagement Agreement, and whether the Succession and Machal are entitled to offset against any claim of Crowell and Owens, LLC the sums paid to the firm of Gold, Weems, Bruser, Sues and Rundell for representation of the Stanley interests related to the Jena Casino project."

4

Following a hearing, the trial court rendered summary judgment in favor of the defendant law firm against Mrs. Stanley, individually and as executor of Mr. Stanley's succession, and also against Stanley Holdings, L.L.C. in the amount of $989,275.00 plus interest and attorney's fees under the promissory note. It deferred the issue of the quantum of attorney fees until a later date.

The plaintiffs have appealed,[2] asserting that the summary judgment was entered in error. Within that context, the plaintiffs question:

> I.      Whether the engagement agreement as amended provides a basis for the promissory note sued upon;
>
> II.     Whether the promissory note is sufficient evidence of the reasonableness of the attorney's fees represented by the note;
>
> III.    Whether the Succession of Harlton Kenneth Stanley and Machal, LLC are entitled to a credit or offset for the sums paid to Gold, Weems, Bruser, Sues and Rundell; and
>
> IV.     What was the scope of Crowell and Owens, LLC's representation of Harlton K. Stanley and Machal, LLC.

## Discussion

*Summary Judgment*

As explained by La.Code Civ.P. art. 966(A)(2), the motion for summary judgment is favored and is to be construed to secure the just, speedy, and inexpensive determination of actions. A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions,

---

[2] Notably, the trial court did not resolve the defendant law firm's prayer for attorney fees in relation to its central claim on the promissory note. Instead, the trial court held that issue in abeyance. The trial court stated at the hearing that: "The Motion for Partial Summary Judgment is granted." The resulting judgment was entitled simply a "Judgment on Promissory Note" without further determination by the trial court that there was no just reason for delay for the resulting devolutive appeal. *See* La.Code Civ.P. art. 1915(B). In the event that the trial court fails to provide explicit reasons for its determination that a partial judgment is, in fact, final for appeal purposes, the supreme court has instructed that an appellate court should review the record *de novo* to determine whether justification for the appeal is apparent. *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113. Accordingly, having reviewed this matter under the factors enunciated in *Messinger*, we conclude that this matter is appropriately considered as a reviewable, partial final judgment.

together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Although the moving party bears the burden of proof, if the movant will not bear the burden of proof at trial on the matter at issue, he or she is not required to negate all essential elements of the adverse party's claim, action, or defense. La.Code Civ.P. art. 966(C)(2). Rather, the movant's burden is "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id*. In turn, if the adverse party does not produce factual support sufficient to establish that "he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id*.

On review, an appellate court reviews the grant or denial of motion for summary judgment *de novo*. *C & C Energy, L.L.C. v. Cody Invs., L.L.C.*, 09-2160 (La. 7/6/10), 41 So.3d 1134. Accordingly, the appellate court asks the same questions as the trial court in determining whether summary judgment is appropriate, *i.e.*, whether a genuine issue of material fact exists, and whether the moving party is entitled to judgment as a matter of law. *Id*.

*Merits*

As related above, the initial engagement agreement entered into between Machal and the defendant law firm in July 2000 set forth a contingency fee agreement for compensation to the law firm based upon revenue of the prospective casino project. However, by the April 2007 assignment of the agreement, Machal acknowledged that the defendant law firm had performed "substantial professional legal services" without payment of fees. Yet, due to Mr. Stanley's desire to sell a portion of his ownership interest to a third party, he, along with Machal and

6

Stanley Holdings, requested that the defendant law firm reduce its attorney fees per certain terms and conditions. The document represented that the arrangement would be beneficial to all concerned insofar as, upon the transfer of a portion of his interest in Machal, Mr. Stanley would lose the ability to control that corporation.

The revised fee included a reduction in the contingency arrangement previously provided by the engagement agreement. Additionally, the assignment provided that:

> In connection with Attorney's agreement to reduce its fee, and as an additional consideration for Attorney to reduce its fee, Stanley and Holdings agree to pay unto Attorney the sum of . . . ($750,000.00) which sum shall be paid on or before December 1, 2007. Client, Stanley and Holdings all agree that Attorney has earned its fees in full as of the date of the execution of this Agreement. Attorney agrees to undertake any miscellaneous matters that may arise in connection with the services set forth in Exhibit 1, if necessary.

The defendant law firm's motion for summary judgment thereafter arose, when Mr. and Mrs. Stanley failed to make payment under a promissory note, which stated as its purpose that: "The payment of the amount due under this Promissory Note will satisfy all the rights, duties and obligations of the parties to that certain agreement styled Assignment of Engagement Agreement dated April 25, 2007 by and between Stanley Holdings, L.L.C., H.K. Stanley, and Crowell and Owens, L.L.C." The trial court's summary judgment awarded the sum due under the promissory note, $989,375.00 plus interest.

As they did before the trial court, the plaintiffs challenge the award and allege that genuine issues remain regarding the defendant's compliance with the Rules of Professional Conduct in entering into the contingency fee set forth by the employment agreement and resulting assignment (namely whether the law firm advised the client to seek review by independent counsel). The plaintiffs also

7

challenge whether the figure ultimately awarded was, in fact, reasonable. The plaintiffs suggest that the defendant law firm failed in its burden of proof in demonstrating that the fee was reasonable/earned as it did not provide documentation of its billing and hours worked. We find no merit to the plaintiffs' arguments.

Rather, the trial court correctly observed that the ruling now at issue involved only collection on the promissory note. It did not relate to the propriety of the initial engagement agreement and the subsequent assignment of the employment agreement. In fact, the trial court remarked in its reasons for ruling that "[a]s all parties know, the Assignment of Engagement Agreement was ruled as valid and enforceable pursuant to a ruling made on May 6, 2013." This date corresponds to the trial court's denial of the plaintiffs' motion for summary judgment in which they sought to have the assignment declared null and void. The denial of that motion was not made the subject of this appeal. Rather, the appeal was taken only from the judgment granting the summary judgment in favor of the defendant law firm.

Certainly, however, it is without question that a court may inquire into the reasonableness of an attorney fee. *See Leenarts Farms, Inc. v. Rogers*, 421 So.2d 216 (La.1982). In this case, however, all evidence introduced in support of the defendant law firm's motion for summary judgment indicates that the figure reflected work performed under the employment agreement and, subsequently, the assignment of the employment agreement. The assignment stated as such explicitly. Additionally, in both the depositions of Mr. Stanley and Mr. Owen, the two men spoke extensively regarding the contours of the law firm's representation. In opposition, the plaintiffs have pointed to no specific statements indicating that

8

the figures were not reasonable. Merely, they allege that they were not reasonable given the plaintiffs' ultimate engagement of another law firm to perform additional work necessary in the casino's development. However, there is no indication that any such work reduced, duplicated, or made unnecessary the work performed by the defendant law firm. Again, the assignment of employment agreement specifically provided that the plaintiffs "agree[d] that Attorney has earned its fees in full as of the date of the execution of this Agreement."

As for the remaining aspects of the Promissory Note, the plaintiffs have not questioned that the time for payment has passed and that payment was not made. Accordingly, finding no error in the trial court's enforcement of that note through summary judgment, we leave the ruling undisturbed.

## DECREE

For the foregoing reasons, the judgment entered by the trial court is affirmed. All costs of this proceeding are assessed to the appellants, Carolyn Gay Stanley, and Machal, L.L.C.

**AFFIRMED.**

13-1425

HARLTON K. STANLEY AND MACHAL, LLC

VERSUS

CROWELL AND OWENS, LLC

**COOKS, J., dissenting.**

I cannot agree with the majority's opinion affirming the trial court's grant of summary judgment in favor of the defendant law firm. I find there are genuine issues of material fact as to whether the "Engagement Agreement" and the "Assignment of Engagement Agreement" are null and void. I find the record supports the earlier finding by the trial court, in its denial of the plaintiffs' motion for summary judgment. Plaintiffs alleged the defendant law firm, after agreeing to represent HK Stanley for a percentage of income from the casino project, then induced Stanley to sign a promissory note for attorney fees. The defendant law firm argued the "Engagement Agreement" was liquidated and reduced to a fixed fee via the "Assignment of Engagement Agreement" and then via the promissory note.

The "Engagement Agreement" set forth that Crowell and Owens would handle all legal matters for a percentage of the revenue. This was changed by the "Assignment of Engagement Agreement" to a fixed fee. At a minimum, there are questions of fact as to whether the plaintiffs were adequately advised of the scope of the representation by Crowell and Owens. Bill Owens testified that outside counsel, specifically the law firm of Gold, Weems, was employed to "handle [a lawsuit with] Kevin Kean , and also to assist in getting a compact with the State of Louisiana." There also are genuine issues of material fact as to whether the

plaintiffs are entitled to offset against any claim for fees by Crowell and Owens, the sums paid to the firm of Gold, Weems for representation of the plaintiffs interests in the casino project. For the above work it performed, Gold, Weems charged over one million dollars, which Mr. Owens conceded was "a very significant fee." Thus, despite the arrangement that Crowell and Owens would handle all legal matters, this was not done. Thus, the plaintiffs contended this result was not what Mr. Stanley contemplated when he executed the "Engagement Agreement" and was clearly in violation of Rule 1.8(a) of the Rules of Professional Conduct.

Moreover, plaintiffs have maintained HK Stanley was not advised in writing that he should seek additional legal advice before signing the "Engagement Agreement." Rule 1.8(a)(2) of the Rules of Professional Conduct requires:

> (a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
>
> . . .
>
> (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction;

Mr. Owens acknowledged in his testimony he did not advise Stanley in writing that he should seek additional legal advice before he signed the "Engagement Assignment." Thus, there are genuine factual disputes as to whether Crowell and Owens complied with the Rules of Professional conduct in this matter.

Crowell and Owens and the majority rely on the fact that the plaintiffs' prior motion for summary judgment on the issue of the nullity of the "Engagement Agreement" and the "Assignment of Engagement Agreement" was denied. However, that motion for summary judgment was denied because the trial court found genuine issues of material fact existed that precluded the granting of summary judgment. Thus, the nullity issue concerning the "Engagement

Agreement" and the "Assignment of Engagement Agreement" has yet to be ruled upon.

The majority further notes that the plaintiffs did not appeal the earlier denial of their summary judgment. However, the plaintiffs may well have accepted the trial court's finding that there were genuine issues of fact on the issue of whether the "Engagement Agreement" and the "Assignment of Engagement Agreement" were null and void. In fact, the presence of genuine issues of material fact is what the plaintiffs argue should have precluded the trial court from granting Crowell and Owens' motion for summary judgment. Thus, plaintiffs' *failure* to appeal the prior denial of summary judgment is irrelevant and in no way indicates an abandonment of its contention that the "Engagement Agreement" and the "Assignment of Engagement Agreement" are null and void.

For the above reasons, I find the trial court erred in granting summary judgment in this matter, when there were several genuine issues of material fact present. Therefore, I dissent from the majority's opinion and would reverse the trial court's grant of summary judgment and remand this matter for further proceedings.