HIGGINBOTHAM, J.
|2The issue in this case involves the validity of a tax sale where notices of the tax delinquency and subsequent sale were mailed to the deceased record owner of immovable property and returned unclaimed, The case is before us pursuant to the trial court’s summary judgment dismissal of a petition to quiet tax title.
FACTS AND PROCEDURAL BACKGROUND
The basic facts are not contested. In 2006, the ad valorem taxes were not paid on the subject property, a 161.39 acre tract of land located at 1845 Highway 318 (Section 68, Township 13 South, and Range 8 East) in Sorrel, Louisiana. As a result, the sheriffs office/ex-officio tax collector for St. Mary Parish sent a notice dated February 5, 2007, by certified mail, of the tax delinquency to the record owner of the property, Bessie Belle F. Tobin, e/o Laurence W. Tobin, at Ms. Tobin’s last known address in Texas. The notice also informed the taxpayer that the property would be sold if the delinquent tax was not paid within twenty days of the notice. The notice was returned unclaimed.
Because the taxes remained unpaid, a portion of the property was advertised for sale at the St. Mary Parish Sheriffs annual tax sale held on May 30, 2007. Sidney Thomas acquired an 84% ownership interest in the property at the tax sale when he paid $780.88 for the outstanding tax bill, interest, and costs. The tax sale deed was recorded on June 6, 2007. On that same date, the sheriffs office sent notice of the tax sale by certified mail to Bessie Belle F. Tobin, c/o Laurence W. Tobin, at the same last known address for Ms. Tobin, which had previously resulted in the return of unclaimed mail. The tax sale notice was also returned unclaimed. Unbeknownst to the sheriffs office or the tax sale purchaser, Ms. Tobin died testate on November 19, 2005, more than a year before the 2006 taxes became delinquent.
Ms. Tobin was survived by two children, Laurence Walter Tobin and Beverly Elizabeth Tobin Dement; however, at the time of the tax sale, no judgment of ^possession had been rendered in any succession recognizing Laurence and Beverly (collec *211 tively referred to as the “Tobin heirs”) as undivided owners of the property. Neither of the Tobin heirs ever received.any notice regarding the tax delinquency or the 'subsequent seizure and sale of the property. In January 2007, the estate of Ms. Tobin began leasing the property to Triangle Farms, L.L.C., for planting and harvesting -sugar cane. The Tobin heirs were not aware of the 2006 tax delinquency or that any portion of the property had been sold to Mr. Thomas in satisfaction of the unpaid taxes for 2006.
After the tax sale, Mr. Thomas consistently paid the taxes on the acquired property, and when the requisite time elapsed from the date of the recording of the tax sale, Mr. Thomas filed a petition against Ms. Tobin on April 8, 2014, to quiet the tax title to the property pursuant to La. R.S. 47:2266. A qurator ad hoc was appointed to represent Ms. Tobin and/or her heirs, since Ms. Tobin could not be located. At some point not revealed by the record, the Tobin heirs became aware of the proceedings that had been filed by Mr. Thomas, and they were substituted as parties in place of their deceased mother on August 22, 2014. Additionally, in separate proceedings concerning Ms. Tobin’s succession, a judgment of possession for the property was signed on August 25, 2014, in favor of the Tobin heirs.
In response to Mr. Thomas’s petition, the Tobin heirs filed exceptions, an answer, and a reconventional demand against Mr. Thomas, insisting that the tax sale was an absolute nullity for failure of notice to each individual co-owner regarding the tax delinquency, as well as the required pre-sale and post-sale notices. Additionally, the Tobin heirs asserted that they had continuously possessed the property since January 2007, through the actions of their tenant farmer (pursuant to the lease agreement with Triangle Farms), and that their whereabouts were at. all times reasonably ascertainable. - On September 16, 2014, the Tobin heirs filed a motion for summary judgment, supported by exhibits (including the judgment of ^possession rendered on August 25, 2014) and affidavits, seeking to declare Mr. Thomas’s tax sale deed an absolute nullity and to have Mr. Thomas’s petition to quiet the tax title dismissed for lack of notice to each individual Tobin heir. Mr. . Thomas did not file any opposition to the Tobin heirs’ motion for summary judgment.
After a hearing where all of the Tobin heirs’ supporting exhibits and affidavits were admitted into evidence, the trial court granted summary judgment in favor of the Tobin heirs and dismissed Mr. Thomas’s petition. In reasons for judgment, the trial court found that the undisputed evidence revealed that neither of the Tobin heirs was ever issued any notice of the tax delinquency or potential seizure/sale prior to the tax sale, or a post-tax sales notice, and consequently, the tax sale, was an absolute nullity. The trial court also found that Mr. Thomas was entitled to a reimbursement of his costs associated with payment of the taxes on the property, along with 10% interest from the date of each payment. A judgment rendered in accordance with those reasons was1 signed on December 3, 2014. Mr. Thomas appeals, assigning one error: “The trial court erred when it determined that .the tax title of [Mr. Thomas] was an absolute nullity for want of notice of tax delinquency to the actual owners, when' the actual owners were not known to the sheriff[,] as no succession was ever opened to put the world on notice of the actual identity of the heirs/co-owners.”
LAW AND DISCUSSION
A motion for summary judgment will be granted “if the pleadings, depositions, an *212 swers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes- of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”. La.Code Civ. P. art,,966(B)(2).[1] The summary judgment procedure lBis favored in Louisiana and is designed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ. P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.
On issues for which the moving party will not bear the burden of proof at trial, the moving party’s burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the nonmov-ing party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. La.Code Civ. P. art. 966(C)(2). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Manno v. Gutierrez, 2005-0476 (La.App. 1st Cir.3/29/06), 934 So.2d 112, 116. The party opposing summary judgment cannot rest on the mere allegations of his pleadings but must show that he has evidence that could satisfy his evidentiary burden at trial, if he does not produce such evidence then there is no genuine issue of material fact and the mover is entitled to summary judgment. Mbarika v. Bd. of Sup’rs of Louisiana State Univ., 2007-1136 (La.App, 1st Cir.6/6/08), 992 So.2d 551, 561, writ denied, 2008-1490 (La.10/3/08), 992 So.2d 1019.
The Fourteenth Amendment of the United States Constitution establishes the fundamental principle that no state may deprive any person of property without due process of law. The sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. See Mennonite Bd. of Missions v. Adams, 462 Ü.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983). An elementary and fundamental requirement of due process is notice. See C & C Energy, L.L.C. v. Cody Investments, L.L.C., 2009-2160 (La.7/6/10), 41 So.3d 1134, 1138. Louisiana’s own constitution requires notice of tax delinquency to all owners of record of any interest in property. See La. Const, art. VII, § 25;[2] Smitko v. Gulf South Shrimp, Inc., 2011-2566 (La.7/2/12), 94 So.3d 750, 756. The giving of notice of the tax delinquency is mandatory. Childress v. Johnson, 387 So.2d 1217, 1219 (La.App, 1st Cir.), writ refused, *213 393 So.2d 744 (La.1980). The legislature enacted former La. R.S. 47:2180, which was in effect at the time of the tax sale in this case, to establish a manner in which notice of delinquencies in immovable property taxes should be constitutionally provided.[3] C & C Energy, 41 So.3d at 1139. At the time of the of the tax sale, the notice statute provided in pertinent part:
§ 2180. Immovable property, notice of delinquency
A. (l)(a) On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law,
⅜ ⅜ ⅜
IB. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein.... In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article. 7 Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtor’s property in the advertising required for Unknown owners in Subsection C of . this Section. After the tax collector shall have completed the service by the notices herein required ... he shall make out a process verbal stating therein the names of . delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made_
C. The tax collector shall publish one general notice substantially in the form set forth herein, addressed to all unknown owners of assessed immovable property situated in his parish, and to nonresident owners of such property whose post office address is unknown, in which he shall describe the property as described in the tax roll. Such notice shall be published once 'a week for two weeks 'in a newspaper published in "his parish, or if there be none published in the parish, then such notice shall be given in the manner provided by • law for judicial sales —
[Emphasis added,]
Under Louisiana law, it is well settled that in order to give property owners reasonable notice so as not to deprive them of constitutionally protected property rights, the tax collector is required to provide each co-owner with individual written notice, sent by certified mail return receipt requested, alerting each co-owner that the tax delinquency will result in the sale of the property. See C & C Energy, 41 So.3d at 1139. It is undisputed that the record owner: of the subject property, Ms. Tobin, was deceased at the time the taxes became delinquent and the sheriffs office, as ex- *214 officio tax collector, attempted to send notice of the tax delinquency and tax sale, but the notices were returned unclaimed.[4] It is also undisputed that each of the actual co-owners, the Tobin heirs, were not provided the requisite notice. Further, lathe tax collector has an obligation to take additional steps to notify the tax debtor if the notice is returned unclaimed. See former La. R.S. 47:2180(B) and (C). See also Drury v. Watkins, 546 So.2d 1280, 1286 (La.App. 1st Cir.), writ denied, 551 So.2d 1323 (La.1989); Childress, 387 So.2d at 1219. The requirement that the tax collector take additional reasonable steps to notify a delinquent taxpayer is a longstanding principle. Lewis v. Succession of Johnson, 2005-1192 (La.4/4/06), 925 So.2d 1172, 1178. The record is void of evidence that the sheriffs office took the necessary steps or made any effort to notify the actual owners of the property by publishing the requisite “general notice ... addressed to all unknown owners” of the assessed property after the certified mail sent to the deceased record owner was returned as unclaimed.[5] See former La. R.S. 47:2180(0). Mr. Thomas failed to prove the requisites for a valid tax sale.[6] Consequently, the tax sale is rendered null and void in its entirety. See C & C Energy, 41 So.3d at 1140-41.
CONCLUSION
For the reasons set forth, we conclude the trial court properly found that summary judgment was warranted in favor of the Tobin heirs, Laurence Walter Tobin and Beverly Elizabeth Tobin Dement, and that Sidney Thomas’s tax sale deed is null and void in its entirety for the tax collector’s failure to provide notice of |flthe tax delinquency and potential tax sale to each actual co-owner in indivisión prior to the tax sale. The trial court’s judgment is affirmed. All costs of this appeal are assessed to appellant, Sidney Thomas.
AFFIRMED.
CRAIN, J., concurs.

. Louisiana Code* of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does .not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3,

. Louisiana Constitution Article VII, § 25, entitled "Tax Sales,” provides in pertinent part;
Section 25. (A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxeg. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise-for sale the property,on which the taxes are due.... [Emphasis added.]

. Louisiana Revised Statute 47:2180 was repealed by Acts 2008, No. 819, § 2, effective January 1, 2009. The general substance of the statute with certain modifications was reenacted by Acts 2008, No. 819, § 1, effective January 1, 2009, and is currently cited as La. R.S. 47:2153. We note, however, that the former statute, La. R.S. 47:2180, was applicable at the time of the tax sale in this case, on May 30, 2007. Thus, the former provisions apply to this matter. See Smitko, 94 So.3d at 756, n. 6; Harder v. Wong, 2013-1144 (La.App. 1st Cir.2/18/14), 2014 WL 651556, n. 1 (unpublished).

. We point out well settled law that notice addressed to a deceased person is no notice at all. See Di Giovanni v. Cortinas, 216 La. 687, 695, 44 So.2d 818, 820 (La.1950). Further, notice of delinquency as to a deceased person, unless served on the heirs or legal representatives, is irregular, and a sale made pursuant to an unclaimed notice addressed to the deceased, in whose name the property is assessed is void. Blythe v. Zor, Inc., 148 So.2d 832, 833 (La.App. 4th Cir.), writ refused, 244 La. 145, 150 So.2d 768 (1963); Robinson v. Zor, Inc., 174 So.2d 154, 155 (La.App. 4th Cir. 1965).

. The Louisiana Supreme Court has held that notice of a tax delinquency by publication of an advertisement for an upcoming tax sale, alone, does not pass constitutional muster when the actual owners of the property can be identified or are easily discoverable. See Lewis v. Succession of Johnson, 2005-1192 (La.4/4/06), 925 So.2d 1172, 1179. In this case, the only publications involved an advertisement for the upcoming tax sale of the property, published on April 25 and May 25, 2007, without any mention that the property owners were unknown.

. While a tax deed is presumed valid and is prima facie evidence that a valid tax sale was made, when the Tobin heirs set forth evidence that they had not received proper notice, the presumption of validity was rebutted. The burden then shifted to Mr. Thomas to prove compliance with all requisites of a valid tax sale, including notice of tax delinquency and the subsequent sale of the property to satisfy the delinquency. Mr. Thomas offered no proof of the constitutionally and statutorily required notice. Accordingly, summary judgment in favor of the Tobin heirs is appropriate. See Smitko, 94 So.3d at 757-58; Vucinovich v. Lakeshore Club, 2008-2244 (La.App. 1st Cir. 5/8/09), 2009 WL 1272411, *1-2 (unpublished).