STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

BELAIRE DEVELOPMENT & CONSTRUCTION, LLC

VERSUS

SUCCESSION OF THEODORE SHELTON, SR., ET AL

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, 91035, DIVISION "H"
HONORABLE ROGER P. HAMILTON, JR., DISTRICT JUDGE

**********

LEDRICKA J. THIERRY
JUDGE

**********

Court composed of D. Kent Savoie, Gary J. Ortego, and Ledricka J. Thierry, Judges.

REVERSED AND REMANDED.

**Dehlice Shelton, Individually and as Independent Executrix for the Succession of Theodore Shelton, Sr.**
**In Proper Person**
**4146 Evangeline Street**
**Baton Rouge, LA 70805**
**(225) 359-6807**
**PRO SE FOR PLAINTIFF-IN-RECONVENTION/APPELLANT**
     **Succession of Theodore Shelton**

**Patrick B. McIntire**
**Paige Casselman Beyt**
**Oats & Marino**
**100 E. Vermillion Street, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT-IN-RECONVENTION/APPELLEE**
     **Becket Breaux, in his offiical capcacity as St. Martin Sheriff**

**Bart J. Hebert**
**Steven J. Diebold**
**Boyer, Hebert & Angelle, LLC**
**401 East Mills Avenue**
**Breaux Bridge, LA 70517**
**(337) 332-0616**
**COUNSEL FOR DEFENDANT-IN-RECONVENTION/APPELLEE**
     **Belaire Development & Construction, LLC**

**James L. Pate**
**Robert E. Torian**
**Karly K. Door**
**Neuner Pate**
**1001 West Pinkhook Road**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT-IN-RECONVENTION/APPELLEE**
     **The City of Breaux Bridge**

**THIERRY, Judge.**

This title dispute action raises the issue of whether Defendant's Reconventional Demand, filed in response to Plaintiff's Petition to Quiet Title, is prescribed. The trial court found the Reconventional Demand to be prescribed and dismissed that action. Defendant appealed. For the reasons that follow, we reverse and remand to the trial court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

In December of 2005, Theodore Shelton, Sr. and Patricia Brooks Shelton purchased immovable property located in St. Martin Parish with a municipal address of 746 S. Belle Circle, Breaux Bridge, Louisiana 70517 ("the Property"). Mr. Shelton died in 2009, and Mrs. Shelton died in 2014.

Following nonpayment of property taxes on the Property, Plaintiff, Belaire Development & Construction, LLC ("Belaire"), became the purchaser of a 99% interest in the Property pursuant to a Tax Sale Certificate recorded in St. Martin's conveyance records on June 8, 2017. The remaining 1% of the Property was previously transferred in a series of tax sales to Dongmei Yang, then to the City of Breaux Bridge, and finally to Belaire in a Tax Sale Certificate recorded in St. Martin's conveyance records on November 19, 2021.

On October 26, 2021, Belaire filed a Petition to Quiet Title against Defendants, the Succession of Theodore Shelton, Sr. and Patricia Brooks Shelton. Dehlice Shelton is the independent executrix of the Succession of Theodore Shelton, Sr. ("the Executrix"). In its petition, Belaire asked to be declared the owner of a 99% interest in the Property. The petition did not seek to quiet title as to the remaining 1% interest.

Soon thereafter, Patricia Brooks Shelton, through a curator ad hoc, filed an answer. It was later discovered by Belaire that Patricia Brooks Shelton died in 2014. The Executrix was not served until June 7, 2022. On November 29, 2022, the Executrix, in a pro se capacity, filed a Reconventional Demand and Petition to Annul Tax Sale ("Reconventional Demand") against Belaire. She filed on behalf of herself individually and as Executrix of the Succession of Theodore Shelton, Jr., and as agent and power of attorney for Wynona Shelton. She also added several third-party Defendants, including the City of Breaux Bridge through its Mayor ("the City"), Sheriff Becket Breaux, and Nationwide Real Estate Investment LLC. She alleged that the tax sales related to the Property should be declared null and void because she did not receive pre-sale and post-sale notice and not all co-owners of the Property were provided requisite notice.

Belaire and the City responded to the Reconventional Demand, asserting that the Executrix's action had prescribed. The City also filed a peremptory exception of no cause of action. On November 7, 2023, the trial court heard the exceptions filed by Belaire and the City, holding that the Executrix's claims had prescribed. The trial court subsequently granted the Petition to Quiet Title in favor of Belaire and against Defendants.

It is from this November 7, 2023 ruling and subsequent judgments which the Executrix now appeals.

**ASSIGNMENTS OF ERROR**

The Executrix, in a pro se capacity, alleges the following assignment of error on appeal:

A. Belaire

2

1. The trial court erred by granting judgment in favor of Belaire's Peremptory Exception of Prescription when the record establishes that the Succession's claims were filed timely under La.R.S. 47:2266 within six months after the date of service of the petition and citation.

2. The trial court erred by ruling that Belaire's Notice of Tax Sale Affidavit and Cancellation complied with the statute under La.R.S. 47:2157 when the record establishes that the co-owners were never duly served under La.R.S. 47:2157 as required by La.R.S. 47:2122(4) and thus their constitutional due process rights were violated.

3. The trial court erred when it Ordered, Adjudged and Decreed that the requirements of an action to quiet title had been complied with per La.R.S. 47:2266, et seq. and Section 25 of Article VII of the Louisiana Constitution of 1974, when the record establishes that the co-owners were never duly served under La.R.S. 47:2266 and thus their constitutional due process rights were violated and the 2017 tax sale and tax deed for 99% interest in the property is absolutely null and void.

B. The City

4. The trial court erred by granting judgment in favor of the City's Peremptory Exception of Prescription when the record establishes that a) the co-owners were never duly served and thus their constitutional due process rights were violated; b) their statutory right to redeem adjudicated property was violated; and c) the 2014, 2017 and 2021 adjudicated property tax sales, tax deeds and conveyance for 1% interest each in the property are absolutely null and void.

C. Belaire & the City

5. The trial court erred by failing to take into account the Taking Clause and Excessive Fines Clause of the U.S. Constitution when the record establishes that the co-owners have equity in the property in excess of the property taxes owed on the 99% interest in the property and 1% interest of adjudicated property.

**ANALYSIS**

Prescription is a peremptory exception set forth in La.Code Civ.P. art. 927. Importantly, "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions,

3

that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268. The Louisiana Supreme Court explained the burden of proof for an exception of prescription in *State v. Louisiana Land & Expl. Co.*, 20-685, p. 5 (La. 6/30/21), 347 So.3d 684, 688:

> The party pleading an exception of prescription bears the burden of proving that the action has prescribed. However, if the face of the petition shows that the cause of action is prescribed, then the petitioner must make a showing of timeliness. *Hogg v. Chevron USA, Inc.*, 09-2632, p. 7 (La. 7/6/10), 45 So. 3d 991, 998.

No party seems to dispute that the applicable prescriptive period is six months. However, the commencement of that period is in dispute. The Executrix claims that the applicable time period is found in La.R.S. 47:2266. That statute provides that an action to annul may be instituted within six months after the date of service of the petition and citation of the petition to quiet title. Specifically, La.R.S. 47:2266(A)(1) states (emphasis added):

> After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, and notice that the title and full ownership in the property will be confirmed **unless a proceeding to annul is instituted within six months after the date of service of the petition and citation.** This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.

Appellees, on the other hand, claim the applicable prescriptive period is found in La.R.S. 47:2287(A), arguing that the issue is not whether an action to annul the

4

Petition to Quiet Title is prescribed, but rather whether an action to annul the tax sale is prescribed. Louisiana Revised Statute 47:2287(A) provides:

> Any action to annul a tax sale on grounds of a redemption nullity shall be brought before the earlier of:
>
> (1) Six months after a person is duly notified using a notice, other than the notice provided in R.S. 47:2156 that is sent between the time that the redemptive period ends and five years after the date of the recordation of the tax sale certificate.
>
> (2) If a person is duly notified more than five years after the date of the recordation of the tax sale certificate, sixty days after the person is duly notified.

We find La.R.S. 47:2266 to be directly on point. This statute specifically recognizes that an action to annul a tax sale may be filed within six months after the date of service of the petition to quiet a tax sale title and citation. Louisiana Revised Statute 47:2286 states (emphasis added):

> No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities. The action shall be brought in the district court of the parish in which the property is located. In addition, **the action may be brought as a reconventional demand or an intervention in an action to quiet title under R.S. 47:2266** or as an intervention in a monition proceeding under R.S. 47:2271 through 2280.

There is no dispute that the Executrix was served on June 7, 2022, with Belaire's Petition to Quiet Title. She filed her Reconventional Demand on November 29, 2022, less than six months after receiving service of the Petition to Quiet Title. She therefore satisfied both La.R.S. 47:2266 and La.R.S. 47:2286, and we find that she timely filed her Reconventional Demand.

Although Appellees argue that La.R.S. 47:2266 is not controlling in this case, we find that Belaire's own Petition to Quiet Title, which specifically identifies and recognizes the applicability of the prescriptive period set forth in La.R.S. 47:2266,

5

belies its position on appeal. Specifically, Belaire, in its Petition to Quiet Title, alleged (emphasis in original):

> Petitioner hereby gives notice to Defendants that pursuant to the applicable provisions of La. R.S. 47:2266, that the title and full and sole ownership in Property Interest shall be confirmed in the name of Petitioner, and so quieted, unless Defendants institute a proceeding to annul the tax sale reflected in the Tax Sale Deed within **six (6) months** from the date of service of Citation and this Petition and Notice on Defendants.

Furthermore, we note that La.R.S. 47:2287 is not applicable to absolute nullities. Louisiana Revised Statute 47:2287 is predicated on the nullity being relative, while the Executrix's Reconventional Demand alleges an absolute nullity and raises due process concerns.

Both the legislative and judiciary arms of our state and national governments recognize the inviolability of due process. U.S. Const. amend. XIV, § 1; La.Code Civ.P. art. 2002(A)(2). In *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712 (1983), the United States Supreme Court held that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." The Louisiana Supreme Court addressed *Mennonite* and the importance of giving notice in *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566 (La. 7/2/12), 94 So.3d 750, 759, stating "[s]ince *Mennonite*, our court and the courts of this state have repeatedly held that the failure to give notice to a record property owner is a violation of the due process owed to the property owner and that the resulting tax sale is null and void in its entirety."

> The Fourteenth Amendment of the United States Constitution establishes the fundamental principle that no state may deprive any person of property without due process of law. The sale of property for

nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. *See Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983). An elementary and fundamental requirement of due process is notice. *See C & C Energy, L.L.C. v. Cody Investments, L.L.C.,* 2009–2160 (La.7/6/10), 41 So.3d 1134, 1138. Louisiana's own constitution requires notice of tax delinquency to all owners of record of any interest in property. *See* La. Const. art. VII, § 25; *Smitko v. Gulf South Shrimp, Inc.,* 2011–2566 (La.7/2/12), 94 So.3d 750, 756. The giving of notice of the tax delinquency is mandatory. *Childress v. Johnson,* 387 So.2d 1217, 1219 (La.App. 1st Cir.), *writ refused,* 393 So.2d 744 (La.1980).

*Thomas v. Tobin*, 15-1362, pp. 5–6 (La. App. 1 Cir. 6/3/16), 197 So. 3d 209, 212–13.

Our court previously addressed the distinction between a relative and absolute nullity in the context of tax sales in *Matter of Inspirational Enterprises*, 17-363, p. 4 (La.App. 3 Cir. 11/2/17), 230 So.3d 1019, 1021:

> Recently, the Louisiana Supreme Court decided the case of *Central Props. v. Fairway Gardenhomes, LLC*, 16-1855, 16-1946 (La. 6/27/17), 225 So.3d 441, which held that post-sale notice to the taxpayer by the purchaser satisfied the statutory requirement that an interested party be notified of the tax sale. This holding, however, only addresses the relative nullity created by the failure of the tax collector to provide *post-sale* notice to the taxpayer as opposed to the absolute nullity created by the failure to provide *pre-sale* notice under *Lewis* [*v. Succession of Johnson*, 05-1192 (La. 4/4/06), 925 So.2d 1172.

In other words, failure to provide pre-sale notice is an absolute nullity, while failure to provide post-sale notice is a relative nullity. The *Matter of Inspirational Enterprises* court also pointed out that La. Const. art. VII, § 25(C), which states, in part, that "[n]o sale of property for taxes shall be set aside for any cause . . . unless the proceeding to annul is instituted within six months after service of notice of sale," does not supersede the Due Process Clause of the United States Constitution. "An absolute nullity has no legal effect; therefore, the limitation imposed by La.Const.

7

art. VII, § 25, does not preclude an owner from asserting the absolute nullity of a tax sale." *Matter of Inspirational Enterprises*, 230 So.3d at 1022.

In regard to post-sale notice, the record shows that notice of the tax sale was mailed via first class United States Postal Service ("USPS") on August 11, 2020, to Dehlice (Debbie) Shelton at 4146 Evangeline Street, Baton Rouge, LA 70805, which is her correct address. The mail was not returned as unclaimed. The Executrix argues that she did not receive proper notice of the tax sale, the certificate of which was filed on June 8, 2017, and only learned of it when she was served with Belaire's Petition to Quiet Title on June 7, 2022. The record shows that USPS was having mail delivery issues during this time period and also that the Executrix was not residing at that address due to the 2016 Baton Rouge flood. We, therefore, believe it is questionable whether the Executrix received actual post-sale notice. However, under La.R.S. 47:2122(4), actual notice is not required. Belaire satisfied the form notice requirements set forth in La.R.S. 47:2157, and thus, we find that she was duly notified when the notice was mailed on August 11, 2020.

However, the record is devoid of any evidence showing that the Executrix received pre-sale notice or notice of any deficient taxes. When property owner Theodore Shelton, Sr. died in 2009, the Executrix, along with Wynona Shelton and Theodore Shelton, Jr. (who later died in 2020), became joint owners in the undivided one-half interest of the Property. On January 13, 2011, the Succession of Theodore Shelton, Sr. filed a Notice of Lis Pendens in the mortgage records of St. Martin Parish, which stated that Dehlice (Debbie) Shelton, Wynona Shelton, and Theodore Shelton were legatees to the succession, and that the Property was involved in the succession. They filed the notice "to protect their interests in and ownership of property in the succession . . . ."

Despite this, the record does not show that any of Theodore Shelton, Sr.'s legatees, including the Executrix, received notice of deficient taxes owed on the Property or of the 2017 sale prior to its recordation. In fact, the record contains only one pre-sale notice, a notice sent to Theodore Shelton, Sr. and Patricia Brooks Shelton at the Property address. This notice was returned as undeliverable on March 31, 2017, and both of them were deceased at this time. Clearly, a returned notice sent to deceased people does not satisfy the due process owed to interested parties.

While Belaire claims that La.R.S. 47:2157 "effectively remedies earlier insufficient notices," the same argument was set forth in *Matter of Inspirational Enterprises*, 230 So.3d 1019, and our court ultimately found that La.R.S. 47:2157 does not foreclose the right to argue an absolute nullity. We agree.

Since the Executrix's Reconventional Demand is not prescribed on its face, Belaire and the City bore the burden of proving that the Reconventional Demand was prescribed and that the tax sale at issue was not absolutely null. *State v. Louisiana Land*, 347 So.3d 684. Belaire and the City did not meet their burden in showing that the Executrix received pre-sale notice, but rather only produced evidence to show that the Executrix received post-sale notice. The trial court improperly granted Belaire's and the City's exceptions of prescription.

Finally, we note that the Executrix puts forth arguments regarding the 100% interest of the Property. As noted above, Belaire's Petition to Quiet Title only claims a 99% interest in the Property. The remaining 1% was not at issue in the trial court, and therefore, we do not have authority to rule on the 1% interest at this time.

## CONCLUSION

The record shows that the Executrix timely filed her Reconventional Demand within six months of receiving service of Belaire's Petition to Quiet Title. Therefore,

the trial court erred in granting the exception of prescription and not considering the Executrix's absolute nullity arguments in regard to the Petition to Quiet Title.

For the foregoing reasons, the judgment of the trial court is reversed. We remand this matter to the trial court for further proceedings, including to determine whether the 2017 tax sale is absolutely null. Costs of this appeal are assessed against Appellees, Belaire Development & Construction, LLC, City of Breaux Bridge, and Becket Breaux, in his official capacity as St. Martin Sheriff.

**REVERSED AND REMANDED.**